HONORA CAREY *vs.* JAMES R. BAXTER & another.

Suffolk. November 17, 1908. — March 31, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* In leaving excavation on private premises unguarded, Of independent contractor.

At the trial of an action for personal injuries alleged to have been caused by the plaintiff's opening at night a door in a tenement which she occupied and, upon stepping out with the expectation of stepping upon steps which formerly were there, falling three feet to the ground because the steps negligently had been removed by the defendant and no means had been adopted by him to warn the plaintiff of that fact, it appeared that the plaintiff occupied the lower tenement of the house and the owner of the premises occupied the upper, that the defendant and others for several days had been engaged in excavating for and laying a granolithic walk in front of and at the side of the house and also were to excavate for and construct granolithic steps in the place of the steps which formerly had been directly in front of the door from which the plaintiff fell, to which the walk at the side of the house led, that the plaintiff knew of the work which was going to be done, lived in the house and looked out upon the work during its progress through windows that commanded a view of it, that on the morning of her injury the work had not proceeded so far as to cause the removal of the steps when she left the house, that she did not return until nine o'clock at night, that during her absence the defendant had removed the steps but did not put any barrier in front of the door or adopt any means which would warn the plaintiff except by barricading the walk along the side of the house. There was no evidence that the defendant had any reason to suppose that the plaintiff

would be away from the house during the day. *Held,* that the injury to the plaintiff was not caused by negligence of the defendant, since he had no reason to anticipate such an injury to her as made it his duty to adopt measures to make the opening of the door upon the steps from the inside impossible.

Where one, who has agreed with the owner of certain premises to construct for him a granolithic walk thereon, engages another to do the excavating and filling therefor under an agreement whereby the latter is to receive a certain amount per square foot for the work done and is to hire and pay and direct his own workmen, the mere fact that a superintendent of the principal contractor from time to time visits the work to see that it is being done according to specifications does not make the sub-contractor any the less an independent contractor nor render the principal contractor liable for injuries caused by the sub-contractor performing his work in a negligent manner, where it does not appear that the principal contractor assented to, or in any way contemplated the adoption of, the method which caused the injury.

TORT, against James R. Baxter, a contractor, and Warren Brothers Company, a corporation, also a contractor, for personal injuries as stated in the opinion. Writ in the Superior Court for the county of Suffolk dated November 18, 1905.

The case was tried before *Aiken,* C. J. There was evidence tending to show that the defendant Baxter had been a contractor for about eleven years, that he did the work described in the opinion under an agreement with the defendant Warren Brothers Company by the terms of which the latter paid him by the square foot for work done, that he paid and directed his own men, and that a superintendent of Warren Brothers Company occasionally would visit the work to ascertain whether Baxter was performing it according to specifications.

Other facts are stated in the opinion.

At the close of the evidence the defendants respectively requested that verdicts be ordered in their favor, but the presiding judge, subject to the defendants' exceptions to his ruling, refused to do so, and submitted the case to the jury under instructions not otherwise excepted to. The jury found for the plaintiff against both the defendants; and the defendants severally alleged exceptions.

The case was argued at the bar in November, 1908, before *Knowlton,* C. J., *Morton, Hammond, Braley,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*H. A. Eyges,* for the defendant Baxter.

*W. H. Vincent,* for the defendant Warren Brothers Company.

*J. B. Dore, (T. F. McAnarney* with him,) for the plaintiff.

KNOWLTON, C. J. The plaintiff occupied the lower tenement of a dwelling house, whose owner, Mrs. Burke, lived in the upper tenement. The owner made a contract with the defendant corporation, Warren Brothers Company, to lay a granolithic walk along the sidewalk in front of the house, and from the street to the front door, and to a side door which was entered by some wooden steps nearly three feet high. Warren Brothers Company employed the defendant Baxter to excavate for the walk, and to fill the excavation to a proper level with cinders as a foundation for the upper surface which Warren Brothers Company was to put on. Included in the work to be done was the removal of the steps at the side door, and the construction of granolithic steps. Prior to October 5, 1905, the work had been going on several days, and the plaintiff knew it, although at that time it had not progressed so far as to disturb the steps and the walk near them at the side door. The plaintiff had been told by Mrs. Burke what was to be done. On the morning of that day, about nine o'clock, the plaintiff went away to visit a friend, and did not return until half past nine o'clock in the evening. When she returned she saw obstructions on the sidewalk in front, to prevent travellers from stepping upon the new surface that had been finished, but she paid no attention to the walk leading to the side door. The length of the walk to the side door, according to her estimate in figures, was about fifty feet; but according to her comparison with a distance in the court room it was about thirty feet. In the morning of that day, after she had gone, Baxter, in doing his work, removed the steps at the side door and excavated there. He testified without contradiction that when he went away for the night he barricaded the walk near the front corner of the house to prevent the approach of persons from the street to the side door, but he did nothing to prevent persons from opening the door from the inside and stepping out. The plaintiff, after her return, opened this door to set out a bottle for milk, and stepped off and fell to the ground. From windows in her tenement she could look out over this walk. Her suit is to recover damages for her injury. No question of pleading is raised. The defendant Baxter requested a ruling that the plaintiff could not recover against him, and the defendant corporation requested a similar ruling

for itself.  To the refusal to rule as requested each defendant excepted.

We need not determine whether the plaintiff was in the exercise of due care.  Knowing as she did when she went away in the morning that the work was going on as it had been going on for some days, and that the steps would be removed at some time in the progress of it, there is strong ground for an argument that she was not in the exercise of due care on her return, in failing to ascertain whether the walk was torn up and the steps taken away, before opening the door and stepping out into the darkness.

Without regard to this, the conduct of Baxter must be judged in reference to the conditions under which he was working. The work which he had contracted to do involved taking up the steps and excavating a little in preparation for the granolithic steps.  The contract of the Warren Brothers Company, from whom he took his sub-contract, was made with the owner, who lived in one part of the house.  The plaintiff, who lived in the lower part of the house, knew that the work involved the removal of the steps and excavation for granolithic steps.  The work had been going on openly in such a way that those in the house could not fail to see it.  From the windows in the rooms occupied by the plaintiff she could look out over this walk to the side door and see its condition.  There is no evidence that Baxter had any reason to suppose that she was away from her tenement at any time during the day, or that she was ignorant of the condition of the walk and the removal of the steps.  He naturally would suppose that she knew all about it.  If she was in her house, as he well might believe, she could hardly fail to see the conditions, and to observe the barricade of the steps on the walk near the corner of the house.  The question is whether he had reason to suppose that there was such danger of her suffering an injury at the side door as to make it his duty to provide special safeguards against it.  It was her duty to refrain from exposing herself to such a danger.  If he well might suppose that she knew the conditions there, so that he had no reason to think her in danger from ignorance, it was not his duty to make provision for her safety.  We are of opinion that he had no reason to anticipate such a possible injury to her as made it

his duty to fasten the door from the outside, or to take other measures to make the opening of it from the inside impossible. The extent to which he ought to regard a mere possibility that she was ignorant of the conditions depended somewhat upon the degree of the danger to which such ignorance would expose her. The place was not one of manifest peril to life. If it was possible that the plaintiff was ignorant of the conditions, and that she might open the door and come out without looking before her, she naturally would fall only a short distance to the place where the steps had been. Considering the conduct of the defendant Baxter, in reference to his knowledge and to the probabilities as they seemed to him, we are of opinion that there was no evidence to warrant a finding of negligence against him because of his failure to protect the inmates of the house from the possibility of injury by opening the door and falling outside of it. There was no evidence of negligence on the part of the defendant Baxter.

The same considerations would leave the defendant Warren Brothers Company free from liability, if this corporation was conducting the work of removing the steps and excavating for the new walk. This work was done by Baxter as an independent contractor who was the proprietor of the business that he was conducting, and he alone was responsible for care in doing it. *Delory* v. *Blodgett*, 185 Mass. 126. *Hooe* v. *Boston & Northern Street Railway*, 187 Mass. 67. This is an additional and independent ground of defense for the corporation.

Whether this might be found to be a case for the application of the doctrine stated in *Woodman* v. *Metropolitan Railroad*, 149 Mass. 335, we need not decide. See *Wetherbee* v. *Partridge*, 175 Mass. 185; *Davis* v. *John L. Whiting & Son Co.*, *ante*, 91. As to each defendant the entry must be

*Exceptions sustained.*