CHARLES R. COBB *v.* HANS LEROY OLSEN.

(56 A2d 471)

Special Term at Rutland, November, 1947.

Present: MOULTON, C. J., BUTTLES, STURTEVANT and JEFFORDS, JJ., and CLEARY, Supr. J.

Opinion filed January 6, 1948.

*Paul A. Bourdon* for the plaintiff.

*Roland E. Stevens* for the defendant.

BUTTLES, J. This a tort action for damages to plaintiff's automobile resulting from a collision with the defendant's car, alleged to have been caused by the defendant's negligence. Trial was by jury in Hartford Municipal Court with verdict for the plaintiff. At the time set for trial no stenographic reporter was available and it was agreed by the parties that they would proceed without having a stenographic report of the proceedings. The plaintiff's attorney says that it was further agreed at the same time that they would abide by the result of that trial and no appeal would be taken by the defeated party. The defendant's attorney says that he agreed only to confer with his client and to waive the right to appeal only with the client's approval which he says was not obtained. But the client was present and testified at the trial and it is very difficult to understand why, if the recollection of the defendant's attorney is correct, the defendant was not then consulted and the result made known to the plaintiff's attorney, nor why the latter did not insist on this being done. However that may be the case is here on two exceptions taken by the defendant.

We have before us the defendant's bill of exceptions signed and certified by the judge and filed with him within the time required by the rule. We also have the printed case of which fifteen copies are shown by the docket entries to have been filed. This case contains only a statement by the plaintiff of the purported statements of the declaration and of the answer, together with a recital of the fact and date of the jury trial, the rendition and amount of the verdict for the plaintiff, the timely making of motions by the defendant for a directed verdict and for setting aside the verdict, and of the defendant's exceptions to the denial of both motions by the court.

The bill of exceptions contains recitals of the allegations of the declaration and the answer and a statement that the court being unable to procure a reporter for the trial, the parties agreed to proceed without a reporter; also a statement in narrative form of testimony given at the trial by the plaintiff and his daughter and by the defendant and his wife. The files and exhibits are referred to and made a part of the bill. The only such exhibit that is before us is defendant's B, a photograph of the scene of the accident, which bears certain unexplained pen and ink markings and could not have been taken at the season of the year when the accident occurred. The bill further recites the rendition of a plain-

tiff's verdict, a timely motion by the defendant for a directed verdict on the ground of plaintiff's contributory negligence in failing to slacken speed or to give warning by sounding his horn or otherwise of his approach to defendant's car, and a motion to set aside the verdict as against the evidence and the weight of the evidence. Exceptions to the denial of both motions are noted.

The plaintiff has filed a motion to dismiss the appeal upon the ground, in brief, that the case filed by the defendant does not comply with Supreme Court Rule 7 that it "shall contain such matter as is necessary to fully present the questions raised." However we may disregard this requirement if, from the bill of exceptions filed by the defendant and from undisputed facts, enough appears to permit full consideration of the exceptions. *Roberts and Son* v. *Powers,* 115 Vt 185, 55 A2d 124. See *Cutler* v. *Jennings,* 99 Vt 85, 87, 130 A 583. Enough appears here to permit consideration of the defendant's two exceptions.

In passing upon the motion for a directed verdict the evidence must be taken in the light most favorable to the plaintiff and the ruling of the trial court sustained if the evidence, so viewed, fairly and reasonably tends to support the verdict. The effect of modifying evidence is to be excluded. *Tinney* v. *Crosby,* 112 Vt 95, 101, 22 A2d 145, and cases cited.

From the evidence stated in the bill of exceptions the jury could have found in view of the above stated principles that on the day of the accident the plaintiff was driving his automobile from White River Junction to Woodstock on the highway passing defendant's house; that he saw defendant's car headed in the same direction, parked in the highway about 400 feet away and saw no one in that car; that he turned to the left to pass that car and as he was about to pass it the car suddenly backed into his car doing great damage to it; that he did not sound his horn before attempting to pass the defendant's car or at any time; that he was driving not over twenty-five miles per hour.

A speed of *not over* twenty-five miles per hour cannot be said, under the circumstances here shown, to constitute contributory negligence as a matter of law. Nor can it be said that the plaintiff's failure to sound his horn was contributory negligence as a matter of law. Such failure was not a violation of P. L. 5110 XV since the defendant's car was standing still when the plaintiff started to pass it. It does not appear that any warning was given by the

defendant of his intention to back his car or that the plaintiff had reason to anticipate that he would do so. In fact from the statement that "the defendant's car suddenly backed into" the plaintiff's car it may be inferred that no warning was given of the defendant's intention.

From what has been said it appears that there was substantial evidence to support the verdict for the plaintiff and the motion to set aside the verdict was properly denied.

Neither of the defendant's exceptions can be sustained. *Judgment affirmed.*