KATE E. TERRILL *v.* GLADWIN A. SPAULDING ET AL.

(61 A2d 611)

May Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 5, 1948.

*Arthur & Arthur* for the defendants.

*Clarke A. Gravel* for the plaintiff.

SHERBURNE, J. This is an action of tort for negligence, and the only exceptions relied upon are to the denial of defendants'

motions for a directed verdict and to set aside the verdict. The grounds of these motions, which are here relied upon, were that the evidence failed to show any breach of duty owed by the defendants to the plaintiff, that the plaintiff assumed the risk and that she was guilty of contributory negligence as a matter of law.

Viewed most favorably to the plaintiff the evidence tended to show the following facts: On or about the middle of December, 1945, the plaintiff rented of the defendants a four room ground floor furnished apartment and immediately moved in, with the understanding that the defendants, among other things, would replace a large worn rug in the living room. The apartment was heated by a pipeless furnace with a register in the center of the living room, and the rug had a hole cut in its center to fit around the register. In the forenoon about three weeks later Mr. Spaulding, one of the defendants, brought another rug. While the plaintiff was lying or sitting on a couch in the living room he took up the register and set it against the wall. She remained in the room while he took up the old rug and started to lay the new one, and then went through another room to the kitchen to attend to some duties there, knowing that he had to cut a hole in the new rug and fit it around the hole in the floor before putting the register back. She returned in 20 to 30 minutes with the intention of speaking to him about the laying and fitting of the rug. He was then kneeling and working upon the rug and made no outcry as she came toward him, stepped upon the rug and then stepped into the hole and down about two feet to the top of the furnace, where she received the injuries involved in this suit. Although he was able to lay and fit the new rug about the hole without a light the room was rather dark because its windows opened upon a large screened in porch. She testified that she did not notice the hole and that it was not easy to see it because of the darkness, that it was not very far from the door to the hole and that she did not realize how near she was to it. There was no evidence that he saw her or was aware that she had come into the room before she stepped into the hole, other than her assertion that he must have been conscious of her coming into the room. In reply to the question: "Knowing the register was taken up and the hole was there, would you expect Mr. Spaulding to have to inform you by making an outcry when you came in?", she testified: "I would naturally have expected when I started toward him and he had placed no barrier, no pro-

tection in front of it, and it occupying the position in the floor that it did, I would naturally have expected that he would have spoken to me about it." She further testified: "One naturally would think he might have placed a chair or something like that there so there would be no possibility of walking into it." She admitted stating in a letter: "You see I went into the kitchen, had my mind on other things, came in here forgetting the radiator was up. Stupid of me, perhaps, but anyone might have done it."

■ Although the plaintiff as a tenant had the right to come into the room, the defendant owed her no duty to warn or prevent her from stepping in the hole, since she knew that the register had been removed and the danger was obvious to her. *Dooley* v. *Economy Store, Inc.,* 109 Vt 138, 141, 194 A 375; *District of Columbia* v. *Moulton,* 182 US 576, 21 S Ct 840, 45 L ed 1237; *Lane* v. *Lewiston,* 91 Me 292, 39 A 999; 38 Am Jur Negligence 91; 45 CJ 868.

■ It may, however, be claimed that Mr. Spaulding should have anticipated that the plaintiff might forget that the register had been taken up, and because of the darkness have failed to notice the hole. We need not decide if she was free from contributory negligence, but will limit our discussion to whether there was any evidence to show that he should have anticipated that she would act as she did, for unless it is shown that a prudent man, situated as Mr. Spaulding was at the time of the alleged default, knowing what he knew or should have known, would have regarded injury to the plaintiff, or one of the class to which she belonged, as likely to result from failure to warn her or to place a barrier before the hole, actionable negligence is not made out, and there was no duty to do so. *Johnson* v. *Cone,* 112 Vt 459, 462, 28 A2d 384; *Wagner, Admr.* v. *Village of Waterbury,* 109 Vt 368, 375, 196 A 745; *Perkins* v. *Hydro-Electric Corp.,* 106 Vt 345, 381, 177 A 631; *Humphrey* v. *Twin State Gas & Electric Co.,* 100 Vt 414, 422, 139 A 440, 56 ALR 1011; *Woodcock's Admr.* v. *Hallock,* 98 Vt 284, 290, 127 A 380.

Since the plaintiff had occupied the apartment for three weeks, and since she was present when Mr. Spaulding took up the register, rolled up the old rug and started to lay the new rug, he had a right to believe that she knew the location of the register hole in the room, that the old rug was cut out in the center and fitted around the register, and that he must cut out the new rug and fit it around the register hole before putting the register back. There

was no evidence that any work was required to be done upon the new rug other than to cut and fit it around the register hole after it was spread upon the floor, hence Mr. Spaulding must be taken to have been kneeling and working upon the rug at the hole. His position and the work he was doing was a reminder of the hole. Although the room was poorly lighted there was light enough for him to do his work. Under these circumstances it cannot be said that a prudent man in like situation would have regarded injury to the plaintiff as likely to result if he did not place a barrier before the hole, or if he failed to warn her, even though conscious that she had come into the room.

*Carey* v. *Baxter,* 201 Mass 522, 87 NE 901, 902, presents a situation somewhat similar to the instant case. There the plaintiff occupied the lower tenement in a dwelling house, and the defendant for several days had been engaged for the owner in excavating and laying a walk in front of, and at the side of the house to a side door, which was entered by some wooden steps nearly three feet high. Included in the work to be done was the removal of these steps and the excavation for and construction of granolithic steps. The plaintiff had been told what was to be done, and had looked out upon the work during its progress through windows that commanded a view of it. On the morning of the day of her injury the plaintiff went visiting and did not return until after 9 P.M. After she had gone the defendant removed the old steps and excavated there. When he went away for the night he barricaded the walk near the front corner of the house to prevent the approach of persons from the street to the side door, but he did nothing to prevent persons from opening the door from the inside and stepping out. When the plaintiff returned she saw the obstructions at the front. After her return she opened the side door to set out a bottle for milk, and stepped off and fell to the ground. There was no evidence that the defendant had any reason to suppose that the plaintiff was away during the day, or that she was ignorant of the condition of the walk and the removal of the steps. The opinion states: "He naturally would suppose that she knew all about it. If she was in her house, as he well might believe, she could hardly fail to see the conditions, and to observe the barricade of the steps on the walk near the corner of the house. The question is whether he had reason to suppose that there was such danger of her suffering any injury at the side door as to make it his duty to provide

special safeguards against it. It was her duty to refrain from exposing herself to such a danger. If he well might suppose that she knew the conditions there, so that he had no reason to think her in danger from ignorance, it was not his duty to make provision for her safety. We are of the opinion that he had no reason to anticipate such a possible injury to her as made it his duty to fasten the door from the outside, or to take other measures to make the opening of it from the inside impossible."

█ As there was no duty owed by the defendants to the plaintiff to provide for her safety in the ways here in question, there was no negligence on their part, as negligence presupposes a breach of duty owed by the party charged to the party injured. *Charron* v. *Canadian Pac. Ry. Co.*, 115 Vt 225, 228, 55 A2d 614; *Chicoine* v. *Cashman, Inc.*, 108 Vt 133, 136, 183 A 487; *Coburn* v. *Village of Swanton*, 94 Vt 168, 170, 109 A 854; *Brehmer* v. *Lyman*, 71 Vt 98, 103, 42 A 613; *Jackson* v. *Rutland and Burlington R. R. Co.*, 25 Vt 150, 60 Am Dec 246.

The motion for a directed verdict should have been granted upon the ground that no breach of duty was shown. It is unnecessary to discuss the other questions raised by either motion.

*Judgment reversed, and judgment for the defendants to recover their costs.*