DONALD JARVIS, ADMR. EST. OF JOHN JARVIS *v.* JAMES BYRNES.

(61 A2d 543)

May Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 5, 1948.

*Frederick J. Fayette* and *John J. Deschesnes* for the plaintiff.

*A. Pearley Feen* and *Philip W. Hunt* for the defendant.

SHERBURNE, J.   This is an action to recover for injuries received by John Jarvis in falling from a staging while engaged in shingling defendant's house.   At the close of the plaintiff's case the court granted defendant's motion for a directed verdict and entered judgment for the defendant, all subject to exception.   John Jarvis died before the filing of the bill of exceptions, and on motion of the administrator upon his estate it was ordered that he be substituted as a party plaintiff.   Because the case was fully tried while John Jarvis was alive he will be hereinafter referred to as the plaintiff.

Viewed most favorably to the plaintiff the evidence tended to show the following facts: The plaintiff, a man about 70 years of age who had worked as a carpenter and painter for several years, and had shingled a number of roofs, was hired by the defendant to help shingle a house that he owned.   Before the plaintiff began work the defendant had erected a staging under the eaves on the south side of the house.   There was a ladder from the ground on the west end of this staging and a shorter ladder at the east end. During the first day on the job the plaintiff stood upon the easterly part of the staging and the defendant stood upon the westerly part, and as the work progressed the defendant placed one or two bunches of shingles upon his end of the staging to stand upon, but the plaintiff continued to stand upon the staging until the work had progressed far enough for them to put a roof staging over the newly laid shingles.   By the end of the first day they had shingled about half way up the roof.   Before the arrival of the defendant upon the job on the morning of the second day the plaintiff went upon the east end of the roof staging to see what he would need, and scattered some shingles around and then went to the west end and put some shingles down ready to lay.   From the west end he backed down over the edge of the roof to the main staging below, planning to go down to the ground for his hammer and apron.   In doing so he did not look at the staging but he knew that there was

a bunch of shingles there, and not knowing how he placed his foot he stepped upon this in such a way that it tipped and he fell to the ground and was injured. This was a bunch of shingles upon which the defendant had stood on the day before. It did not fall off from the staging nor did the staging break. The plaintiff had not worked upon the west end of the staging where the shingles were, but he knew that they were not secured in any way and were just thrown upon the staging. He testified that he expected that the bunch of shingles would be solid when he stepped upon it.

Among other things, the complaint alleged that the "defendant furnished a staging for said occupation which because of its narrowness, general instability, height and other defects was not reasonably safe." At the conclusion of the plaintiff's case he was permitted to amend his complaint by adding a new paragraph which read as follows: "That in further violation of his said duty, the defendant placed or caused to be placed upon the staging bundles of shingles to be used as a means of heightening the said staging and of ascent and descent to and from the said roof, in such manner as to render such means unsafe for the purposes aforesaid." The motion for a directed verdict was based upon failure to show negligence or breach of duty upon the part of the defendant, and freedom from contributory negligence and nonassumption of risk upon the part of the plaintiff. The defendant also insisted that there was no evidence that the defendant put the shingles upon the staging for the purpose for which they were used by the plaintiff to come down off the roof.

The defendant does not here question that the relation of master and servant existed. Since the staging was erected by him he had the duty to see that it was reasonably safe for the purpose for which it was intended to be used. *Miller* v. *Dunton,* 98 Vt 113, 126 A 492; *Travelers Ins. Co.* v. *Evans,* 101 Vt 250, 260, 143 A 290.

The plaintiff makes no complaint here about the staging, other than to claim it was not of proper height and that the defendant placed the shingles thereon as a part thereof and as the only means of ascent to and descent from the roof, and that they were so placed as to be shaky and unstable, and that by reason of the defendant's use of them as a means of ascending and descending from the roof the plaintiff was led to believe that their use for that purpose was safe, in the absence of a warning to the contrary.

So far as appears the bunch of shingles was not placed upon the staging as a part thereof, but was merely used by the plaintiff for his personal convenience. There was no evidence that the staging was not of the proper height so as to require the use of the bunch of shingles to get upon the roof as the only means of ascent to and descent therefrom, nor that the defendant himself used it for that purpose. It is clear that the plaintiff did not use it for that purpose when he went upon the roof on the first day, or to get upon the roof on the second day.

Since the evidence does not sustain the allegations of the complaint and the claims of the plaintiff in the foregoing respects, and this is the only theory upon which negligence is here predicated, error is not made to appear in granting the motion for a directed verdict on the ground that negligence or breach of duty was not shown. It is unnecessary to consider the other grounds of the motion.

*Judgment affirmed.*