J. W. APPLEYARD, d. b. a. APPLEYARD MOTOR TRANSP. CO. *v.* RAY COMPANY.

(66 A2d 10)

February Term, 1949.

Present: SHERBURNE, JEFFORDS, CLEARY and ADAMS, JJ.

Opinion filed May 3, 1949.

*Sterry R. Waterman* and *John H. Downs* for the defendant.
*Richardson & Caldbeck* and *Harry W. Witters* for the plaintiff.

ADAMS, J.   This is an action to recover damages to the plaintiff's milk tank trailer received in a collision with the defendant Ray Company's truck on October 5, 1947, on U. S. Route 5 south of St. Johnsbury.   The plaintiff discontinued during the trial as to the defendant Rodgers, so the term "defendant" as used herein will refer only to the Ray Company.   The plaintiff's trailer had dual wheels at its rear and its front rested upon and was attached with a pin to a tractor unit.   This had single wheels in front and dual wheels in the rear.   Both vehicles were operated by employees. The defendant has excepted to a verdict and judgment for the plaintiff.

The defendant excepted to the denial of its motions for a directed verdict and to set aside the verdict.   The only ground of these motions, which is briefed and relied upon, is that the plaintiff through its employee was guilty of contributory negligence as a matter of law.

In passing upon these motions the evidence must be viewed in the light most favorable to the plaintiff.   *Kennedy* v. *Laramee,* 115 Vt 358, 61 A2d 547; *Terrill* v. *Spaulding et al,* 115 Vt 342, 61 A2d 611; *Jarvis, Admr.* v. *Byrnes,* 115 Vt 346, 61 A2d 543.   The effect of modifying evidence is to be excluded.   *Cobb* v. *Olson,* 115 Vt 266, 268, 56 A2d 471; *Tinney* v. *Crosby,* 112 Vt 95, 101, 22 A2d 145.

Viewed in this light the evidence tended to show the following facts: The highway consisted of two cement strips, each approximately 10 feet wide, with hard surface gutters on each outside. These were slightly lower than the cement surface and each had a curb on the outside.   The overall width was 22½ feet and was all usable.   The width of plaintiff's trailer was 8 feet and that of defendant's truck 7 feet 8 inches.   The plaintiff's trailer truck was proceeding northerly up a grade around a curve to its right at a speed of 40 to 45 miles per hour.   The defendant's truck was proceeding in the opposite direction down the grade around the curve to its left at a speed of 30 to 35 miles per hour.   The driver of plaintiff's vehicle saw the defendant's truck when about 300 feet away.   At that time his trailer truck was on its right side of the highway and the defendant's truck was in its center.   As the two vehicles approached each other, the defendant's truck proceeded over to its left and more to the plaintiff's side of the highway. When the plaintiff's driver saw this he applied his brakes at a point when the wheels of the trailer were at least 68 feet from the point

of collision. He pulled to his right so that the right hand wheels of the tractor scraped against the curb until stopped after the collision. It was 52 feet from the place of collision to the wheels of the trailer after it was stopped. When the brakes were applied the outside left wheel of the trailer was just on the center line of the highway; but as the driver proceeded with the right wheels of the tractor scraping the curb the wheels of the trailer drew over to the left so that at the point of collision the outside left wheel was 11½ inches to the left of the center line. The defendant's driver heard the brakes when they were applied and he first saw the plaintiff's vehicle when about 100 feet away. He then turned his truck to his right and applied his brakes but not enough to slacken speed. When a few feet from the point of collision he saw the rear of the trailer bearing to its left over the center line. He was far enough then to his right so that the truck cleared the tractor and the front part of the trailer. He made no further effort to pull more to the right, but chose to drive into the left rear of the trailer or trust that he would not hit it. His left front wheel did hit the left side of the trailer near its rear end. After the collision it was discovered that the left torque arm or radius rod of the trailer was broken, the right one bent and the wheels out of line to the left. A flaw was discovered in the broken arm which showed about 50% rust and 50% clean break. This flaw could not have been seen before the arm broke. In rounding a curve to the right the left wheels of the trailer would normally travel about six inches to the left of the left wheels of the tractor. If the torque arms were broken and bent as discovered after the collision the trailer wheels would travel more to the left. The plaintiff's driver did not know and had no reason to know that the left wheels of the trailer were going over the center of the highway. Although the collision may have aggravated matters, the fair inference is that the trouble with the torque arms antedated the collision and that, except for the breaking of the arm, the trailer would have been upon its own side of the highway when the defendant's truck passed.

The only claim of the defendant is that the driver of the plaintiff's vehicle was guilty of contributory negligence as a matter of law because he violated paragraphs I, VIII and IX of P. L. 5110, now § 10,219 V. S. rev. 1947. These read as follows:—Par. I. "Operators of vehicles proceeding in opposite directions shall exercise due care and shall each keep to the right of the center of the highway so as to pass without interference." Par. VIII. "Motor

trucks and all slow moving vehicles shall keep at all times as close to the right hand side of the highway as is reasonably practicable." Par. IX. "All curves shall be approached and entered with due care to avoid accident, and all vehicles rounding the same shall keep as far to the right hand side of the highway as reasonably practicable and proceed with due care to avoid accident." He argues that the above quoted paragraphs were violated because 68 feet from the point of collision the left hand outside wheel of the trailer was just on the center line of the highway and it gradually drew over to the left so that at the point of collision it was 11½ inches to the left of the center line. He contends that because of this violation the plaintiff's driver was guilty of contributory negligence as a matter of law.

The burden was on the plaintiff to show freedom from contributory negligence, but direct or affirmative proof to the point is not required. *Palmer* v. *Marcelle,* 106 Vt 500, 507, 175 A 31.

The violation of a safety statute makes a prima facie case of negligence. It gives rise to a rebuttable presumption, rather than a conclusive presumption of negligence and proof of attendant circumstances may, in a civil case, counter-balance or overcome the effect of the statute. *Landry* v. *Hubert,* 101 Vt 111, 113, 141 A 593, 63 ALR 396, and cases cited; *Sulham* v. *Bernasconi,* 106 Vt 192, 199, 170 A 913; *Shea* v. *Pilette,* 108 Vt 446, 450, 189 A 154, 109 ALR 933; *Hall* v. *Royce,* 109 Vt 99, 106, 192 A 193; *Johnson* v. *Cone,* 112 Vt 459, 462, 28 A2d 384; *Purington* v. *Newton,* 114 Vt 490, 492, 49 A2d 98.

Negligence in connection with a violation of the safety statute called to our attention and relied upon by the defendant requires proof of the fact that the delinquent knew or ought to have known of the violation before it can be said as a matter of law that he was negligent. In this respect it is the same as a violation of a safety statute in regard to operating a motor vehicle with defective equipment such as brakes, wheels, axles or tires.

In the case of defective brakes this is illustrated in *Brickell* v. *Boston & Main Transp. Co.,* 93 NH 140, 36 A2d 622, 623, where the court said: "The argument of the defendant that the plaintiff was guilty of contributory negligence as a matter of law cannot be adopted. It rests principally upon the claim that the real cause of the accident was the defective condition of the plaintiff's brakes and that it conclusively appeared that the plaintiff failed to comply with the statute which requires that 'every motor vehicle, operated or

driven upon the highways of this state, shall be provided with adequate brakes in good working order and sufficient to control such vehicle at all times when said vehicle is in use'. We do not think the plaintiff's violation of the statute is conclusively established by showing that his brakes were out of order at the time of the accident. The plaintiff testified that his car passed the state inspection upon October 31, 1941, and the accident occurred upon December 22. The plaintiff further testified that so far as he knew on the date of the accident his brakes were in proper working condition and that just before the accident he had had occasion to stop at a toll bridge where his brakes operated properly. We think that the statute requires proof of the fact that the driver knows or ought to know the defective condition of his brakes before he can be charged as a matter of law with the violation of the statute". See also 5 Am Jur, Automobiles, § 252, 254, and annotations in 63 ALR 398: 79 ALR 1218: 170 ALR 611.

We have noted that the jury could infer from the plaintiff's evidence that the rear of the trailer would have been upon its own side of the highway if the torque arm had not broken before the collision and the driver of the plaintiff's vehicle did not know and had no reason to know that the left wheels of the trailer were going over the center of the highway. The evidence bearing upon these facts need not be repeated here but it can be added that the driver testified he had driven tractor trailers for five years and this particular one most of the time for eight months and he had never had that happen before.

In view of the tendency of the plaintiff's evidence and with this testimony of the driver in the case it cannot be said as a matter of law that he was guilty of contributory negligence. The prima facie case and presumption of negligence because of the violation of the statute was rebutted and the question was for the jury. The motion for a directed verdict was properly denied.

What we have said concerning the motion for a directed verdict disposes of the exception taken to the denial of the motion to set aside the verdict. *Page* v. *McGovern,* 110 Vt 166, 173, 3 A2d 543; *Abel, Admr.* v. *Salebra,* 115 Vt 336, 342, 61 A2d 605. No error appears.

*Judgment affirmed.*