LAWRENCE F. DUPEE *v.* HAYNES BROTHERS, INC.

(76 A2d 546)

October Term, 1950.

Present: SHERBURNE, C. J., CLEARY, ADAMS and BLACKMER, JJ.
Opinion Filed November 8, 1950.

*Barber & Barber* for the plaintiff.

*Richard E. Gale* and *Edward C. Barry* for the defendant.

CLEARY, J.   This is an action of contract.   The declaration is in two counts: first, general assumpsit under the common counts and second, to recover on a $500 check paid to the defendant as a deposit for the purchase of certain real property and for refusal to return the deposit after breach of the oral contract by the defendant.   Trial was by jury on the defendant's general denial.   The case is here on plaintiff's exception to the granting of defendant's motion for a directed verdict made at the close of plaintiff's case.

In determining whether defendant's motion was properly

granted the evidence must be viewed in the light most favorable to the plaintiff and the effect of modifying evidence is to be excluded. *Comstock* v. *Shannon,* 116 Vt 245, 246, 73 A2d 111; *Appleyard Motor Transportation Co.* v. *Ray Co.,* 115 Vt 519, 520, 66 A2d 10; *Cobb* v. *Olson,* 115 Vt 266, 268, 56 A2d 471; *Tinney* v. *Crosby,* 112 Vt 95, 101, 22 A2d 145; *St. Marie* v. *Wells,* 93 Vt 398, 399, 108 A 270. Viewed in this light the evidence tended to show the following facts.

In August, 1947, the plaintiff made an oral contract with Lincoln W. Haynes, principal officer of the defendant corporation, to purchase the real estate and personal property known as the Deerfield Dairy Bar, which was then owned by the defendant. On August 5, 1947, the plaintiff paid the defendant $500 by check and before delivery plaintiff wrote on the check "Deposit on Deerfield Dairy Bar." The necessary papers were to be made out and arrangements made for payment of the balance of the purchase price of $20,000 when Mr. Haynes found out how much cash was required and how much of a mortgage could be carried. Within a day or two after receiving the check Mr. Haynes told the plaintiff "that the party who was running the Dairy Bar had decided they wanted to buy it" and, at Haynes' suggestion, the plaintiff and Haynes talked to defendant's attorney. Haynes then tried to interest the plaintiff in putting up a dance hall that would accommodate a thousand people and the plaintiff said he wanted a few days to think over the proposition. The defendant had the benefit of the $500 check which it endorsed and deposited in the Vermont Savings Bank. The check was cleared through the Federal Reserve Bank on August 11, 1947, and paid by the plaintiff's bank on August 12, 1947. On or about August 30, 1947, the defendant caused the property to be sold and deeded to Mrs. Eva Horton. Though the plaintiff has repeatedly asked Haynes for return of the $500 the defendant has never returned it to the plaintiff. In argument the defendant claimed that the plaintiff violated the agreement and breached the contract but that evidence was contradicted by the facts just related.

■ Where a party rescinds or repudiates a contract by putting it out of his power to perform, he is liable for any deposit which he has received. Under such circumstances our law is settled that the plaintiff is entitled to recover his deposit under the special count, *Way* v. *Raymond,* 16 Vt 371, 376, 377; and in general as-

sumpsit, *Hawley* v. *Moody,* 24 Vt 603, 607; *Packer* v. *Steward,* 34 Vt 127, 133; *Packer* v. *Button,* 35 Vt 188, 195; *Welch* v. *Darling,* 59 Vt 136, 138, 139, 7 A 547; *State* v. *St. Johnsbury,* 59 Vt 332, 337, 10 A 531; *Bedell* v. *Tracy,* 65 Vt 494, 499, 500, 26 A 1031; *Fitzsimons* v. *Richardson, Twigg & Co.,* 86 Vt 229, 234, 84 A 811; *Holt* v. *Ruleau,* 92 Vt 74, 76, 102 A 934; *Beauregard* v. *Orleans Trust Co.,* 108 Vt 42, 45, 46, 182 A 182.

In his brief the defendant states that no specification was filed under the common counts and no evidence was introduced supporting any of the common counts. The purpose of specifications is to prevent surprise to the defendant. The office of specifications is to define the ground of recovery which the plaintiff proposes to maintain by evidence and to apprise the defendant of what he will have to meet at the trial. *Greenwood* v. *Smith,* 45 Vt 37, 39; *Congdon* v. *Torry,* 95 Vt 38, 41, 112 A 202. They are the creature of the Court, *New York Cent. RR Co.* v. *Clark,* 92 Vt 375, 377, 104 A 343, and are not legally necessary to a party's right of recovery. *Lewis* v. *Jewett,* 51 Vt 378, 382. The defendant might have taken advantage of the plaintiff's failure to file specifications by appropriate motion, County Court Rule 17, but, having failed to do so, he cannot now complain. The evidence was received without objection and supported the common counts as our statement of facts shows.

The defendant argues that the plaintiff cannot recover in this action for money paid because the defendant did not insist on the Statute of Frauds and refuse to perform because of that statute. But if, as here, the defendant has repudiated the contract and put it out of his power to perform, the plaintiff may recover back what he has paid under the contract. *Way* v. *Raymond,* 16 Vt 371, 376; *Hawley* v. *Moody,* 24 Vt 603, 607; *Packer* v. *Steward,* 34 Vt 127, 133; *Packer* v. *Button,* 35 Vt 188, 195; *Fitzsimons* v. *Richardson, Twigg & Co.,* 86 Vt 229, 234, 84 A 811; *Holt* v. *Ruleau,* 92 Vt 74, 76, 102 A 934.

Finally, the defendant argues that the plaintiff cannot recover because he has brought this action and presented his case on the theory that the contract, being within the Statute of Frauds, entitles him to recovery of the deposit paid. That is not the plaintiff's theory as shown by his declaration and the presentation of his case both in the court below and here. He neither seeks damages for the defendant's failure to convey the property to him nor does he

ask recovery on the ground that the contract was unenforceable because it was within the Statute of Frauds. He seeks to recover because the defendant repudiated the oral contract and refused to return the $500 deposit.

As the evidence stood at the close of the plaintiff's case he was entitled to have it submitted to the jury for their consideration. Therefore, it was error to grant the defendant's motion and to direct a verdict in the defendant's favor. *Judgment reversed and cause remanded.*