FRANK P. SILVEIRA *v.* JONATHAN K. CROFT.

(77 A2d 911)

November Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed January 2, 1951.

*P. C. Warner* and *W. R. McFeeters* for the defendant.

*John G. Kissane* and *Harold C. Sylvester* for the plaintiff.

CLEARY, J. This is an action of tort for fraud in the sale of a farm. The plea was general denial. Trial was by jury and resulted in a verdict and judgment for the plaintiff for $1100.

The first exceptions briefed by the defendant are to the denial of his motions for a directed verdict made at the close of the plaintiff's case and again at the close of all the evidence. In passing upon these motions the evidence must be viewed in the light most favorable to the plaintiff and the effect of modifying evidence is to be excluded. *Ranney's Admr.* v. *St. Johnsbury Truck Co.,* 116 Vt 13, 14, 68 A2d 697; *Appleyard Motor Co.* v. *Ray Co.,* 115 Vt 519, 520, 66 A2d 10; *Cobb* v. *Olsen,* 115 Vt 266, 268, 56 A2d 471; *Tinney* v. *Crosby,* 112 Vt 95, 101, 22 A2d 145. Viewed in that light the jury could have found the following facts.

In August, 1948, the defendant, who lived at Enosburg Falls, Vermont, secured a listing agreement from the owner of the property in question with the E. A. Strout Realty Agency, Inc., of which the defendant was an associate. The plaintiff, a native and resident of California, read in the Strout catalogue that the farm was a big value for $1200, contained 100 tillable acres, 500 sugar maples, sugaring equipment, and a dwelling of seven rooms. On March 22,

1949, he telegraphed the defendant, offering to purchase the property and to forward a deposit upon receipt of details of purchase. In reply the defendant, who had been to see the property and knew just what it was, wrote the plaintiff on March 23, 1949, to give him an idea of the farm. Among other things he stated "some 100 acres can be put under cultivation," "Good sugar orchard well equipped," "House is old needs some repairs, but mostly cleaning up." On April 20, 1949, in reply to certain questions, the defendant wrote the plaintiff "House lived in about a year ago," "Sugar place not worked this year, estimate crop $300," "100 acres can be tractor worked."

The plaintiff relied on the defendant's representations, sent the $1200 purchase price to him and, on June 21, 1949, came to Enosburg Falls by automobile truck with his wife and furniture. The road to the farm could not be traveled by either truck or automobile. The house needed extensive repairs to make it habitable; it needed to be completely plastered, painted, papered and shingled; the floors were badly worn and uneven; most of the windows were broken and the doors open. Most of the land was not tillable; it was very shallow in most places, very ledgy and rocky and could not be worked with a tractor. There was no sugar orchard and no equipment for sugaring except a few rusty buckets lying near the house. It was an abandoned farm and had not been operated for thirteen years; the house had not been occupied for 15 or 20 years except for about two months in the spring of 1948; the property had no value as a farm but had it been as represented it would have been worth $5000.

The defendant claims the evidence is more favorable to him than was that in *Smith* v. *Badlam,* 112 Vt 143, 22 A2d 161. But the facts and circumstances are entirely different. Here the jury could find that the defendant had personal knowledge of the true condition of the property he was selling and that he made absolute representations which were understood and intended to be understood as statements upon his own knowledge.

■ There being substantial evidence fairly and reasonably tending to support the plaintiff's claim, the issue of the defendant's fraud was for the jury; therefore, the defendant's motions for a directed verdict were properly overruled. *Domina* v. *Pratt,* 111 Vt 166, 171, 13 A2d 198; *Gregoire* v. *Willett,* 110 Vt 459, 461, 8 A2d 660; *Perkins* v. *Hydro Electric Corp.,* 106 Vt 367, 399, 177 A 631.

One ground of defendant's motions for a directed verdict was that the plaintiff had signed an agreement of sale under seal which stated "It is understood and agreed, that the property herein described has been inspected by the Buyer or the Buyer's duly authorized agent; that the same is and has been purchased by the said Buyer solely as a result of said inspection." That ground is untenable because previously during the trial, in reply to the court's inquiry, defendant's counsel expressly stated "We do not claim anything in respect of that clause," and the agreement was admitted by the court "for the limited purpose of showing it was the agreement that was executed" and "as being an agreement of sale which was signed by the parties in connection with this property."

One of the grounds of the defendant's motion for a directed verdict made at the close of all the evidence was that there was a variance between the plaintiff's declaration and his proof. Thereupon, the plaintiff moved and the court allowed the plaintiff to amend the declaration in accordance with the proof. This was a matter of discretion, authorized by our Practice Act and warranted by our decisions. V. S. 47, § 1618; *Russell* v. *Barre Plywood Co.,* 116 Vt 40, 43, 68 A2d 691; *McCutcheon* v. *Leonard,* 114 Vt 38, 39, 39 A2d 348. Then too, the defendant was not harmed, since the amendment merely made the declaration to conform to the theory upon which the case had been tried. *Vaillancourt* v. *Dutton,* 115 Vt 36, 38, 39. 50 A2d 762.

After the jury was empaneled and before the taking of testimony the members of the jury were taken to view the premises. During cross-examination of the defendant it developed that at the request of his counsel and after suit was brought, defendant had taken pictures of the land and buildings, and of the road which led to the farm. Plaintiff's attorney then asked defendant's attorney if he had some pictures, and introduced two of them as exhibits. They pictured the road leading to the farm to be in good condition. During his argument to the jury after the evidence had been closed, plaintiff's attorney stated that the jury was given a view of the premises because, among other things, the defendant had taken certain pictures and if the plaintiff's attorney had not taken the jury to view the premises these pictures would have been used in the trial of the case. Defendant's counsel excepted to that line of argument because the pictures were introduced by the plaintiff and because there

was no testimony from which any inference could be drawn that any other photographs were to be used in the case.

■ The defendant had admitted in cross-examination that his attorney asked him to "get some photos for him to use" and gave evasive answers when asked if his attorney told him why he wanted them and if he took them to use in the case being tried. He admitted that in taking two of the photographs he picked out two pretty good sections of the road that he represented would be kept open during the winter. These were the photographs which the plaintiff's attorney had introduced as exhibits. Under the circumstances the plaintiff's attorney had the right to argue the inference which he claimed. The jury had observed the farm and the road leading to it and had observed the defendant on the witness stand and if the jury thought the argument was unwarranted it was harmless. *Marshal* v. *Dalton Paper Mills,* 82 Vt. 489, 503, 74 A 108, 24 LRANS 128; *State* v. *Averill,* 85 Vt 115, 125, 126, 81 A 461; *Newton's Admx.* v. *American Car Sprinkler Co.,* 87 Vt 546, 553, 90 A 583.

The defendant excepted to the argument of the plaintiff's attorney that the defendant "took those pictures to show the fair condition of the road and not the average condition" on the ground that unless the defendant had shown the photographs of the road to be material in the case the pictures would not have been admissible. The exception is without merit because the photographs represented a portion of the road in question and at the time of argument had been produced by the defendant at the request of plaintiff's attorney, had been examined by him and had already been admitted as exhibits in the case.

■ After the jury had returned a verdict in favor of the plaintiff the defendant filed motions to set aside the verdict and to arrest judgment, both of which were overruled and the defendant allowed exceptions. These exceptions were neither briefed nor argued in this Court and, therefore, were waived. *Little* v. *Loud,* 112 Vt 299, 301, 23 A2d 628; *O'Connor* v. *Vt. Transit Co.,* 116 Vt 6, 8, 68 A2d 699. *Judgment affirmed.*