ETHEL M. NAYLOR *v.* ANNA M. DRAGOON.

(80 A2d 600)

February Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed May 1, 1951.

*A. Pearley Feen* and *Paul D. Sheehey* for the defendant.

*Latham, Hill & Peisch* for the plaintiff.

ADAMS, J. This is an action of tort to recover damages for personal injury by reason of an automobile collision. Trial was by jury. At the close of the evidence the defendant moved for a directed verdict on the ground that the plaintiff was guilty of contributory negligence as a matter of law. The motion was denied. Verdict and judgment was for the plaintiff. The only question before us is raised by the exception of the defendant to the denial of her motion.

Viewed in the light most favorable to the plaintiff, as it must be on this motion, the evidence showed the following facts: The accident happened on January 17th, 1948, between eleven and eleven thirty A.M. on a hard surface, straight, level, two-lane highway known as Shelburne Road outside the limits of the City of Burlington in open country. The plaintiff with her husband and two children started from Burlington on a trip to Rutland to spend the week-end. It had snowed that morning but the road had been plowed. On the right hand side at the place of the accident the snow was one foot to fifteen inches deep. The plaintiff was driving an automobile southerly and parked it on the right hand side of the road facing south on the traveled part thereof as near the side of the road and snow as she could. She remained in the driver's seat. She parked opposite Melendy's dog kennels. Her husband got out of the car, took their dog from the car and went across the road with it into the Melendy house. His purpose was to leave the dog there while he and the family were in Rutland over the week end. After the plaintiff had been parked two or three minutes the defendant drove her automobile along the road in a southerly direction and collided with the plaintiff's car from the rear. After the accident a truck came along from the south and it had room to pass the cars as they stood one behind the other. There was a driveway leading into the Melendy premises about opposite where the plaintiff parked. She parked on the highway instead of driving into the driveway because there was quite a bit of snow in front of it left there by the snow plow and she was afraid she would get stuck if she used the driveway.

The burden was on the plaintiff to show that she was free from negligence that contributed in the least degree to the accident. *Steele* v. *Fuller,* 104 Vt 303, 308, 158 A 666; *Palmer* v. *Marceille et al,* 106 Vt 500, 507, 175 A 31; *Hill* v. *Stringer,* 116 Vt

296, 299, 75 A2d 657. This means producing sufficient evidence to take the case to the jury. *Parro* v. *Meagher,* 108 Vt 182, 188, 184 A 885. To do that direct or affirmative evidence on the part of the plaintiff was not required but she was bound "to give evidence of such facts and circumstances as warranted an inference of due care on her part." *Huestis* v. *Lapham,* 113 Vt 191, 195, 32 A2d 115, 118.

V. S. 47, § 10,219 (XIII) provides that, "A person shall not * * * park nor leave standing any vehicle, whether attended or unattended, upon the paved or improved or the used part of any highway, so as to interfere with traffic on such highway * * *." There are certain exceptions but the plaintiff does not claim nor does the evidence show that she comes within any of them.

██ By her own testimony the plaintiff was guilty of a violation of this safety statute. *Hall* v. *Royce,* 109 Vt 99, 106, 192 A 193. This made a prima facie case of negligence against her. It gave rise to a rebuttable, rather than a conclusive, presumption of negligence on her part and proof of attendant circumstances might, in this civil case, counter-balance or overcome the effect of the statute. *Appleyard Motor Transp. Co.* v. *Ray Co.,* 115 Vt 519, 522, 66 A2d 10, and cases cited. The burden was on the plaintiff to meet or overcome this prima facie case by other evidence. *Steele* v. *Fuller, supra,* 310. It was, therefore, incumbent upon her to produce evidence fairly and reasonably tending to show that the real fact, i.e., her negligence, was not as presumed. *Tyrrell* v. *Prudential Ins. Co.,* 109 Vt 6, 23, 192 A 184, 115 ALR 392. It is sufficient if there was enough rebutting evidence to make a jury question on the point involved. The presumption was for the court to consider in ruling whether there had been sufficient evidence introduced to make it proper to submit the issue to the jury. *State* v. *Lizotte,* 109. Vt 378, 387, 388, 197 A 396.

██ The plaintiff says that she met her burden in this respect by showing that while she was parked and after the accident there was room on her left for a truck coming from the opposite direction to pass and that one did so pass. The uncontradicted testimony was that the highway was two lanes wide and that the plaintiff parked in the traveled part in the right hand lane blocking that lane to traffic proceeding on that side of the highway. Parking so that traffic can travel in one direction only is parking so as to interfere with traffic as prohibited by the statute. Traffic must be able to

proceed in both directions. *Hall* v. *Royce et al,* 109 Vt 99, 103, 106, 192 A 193 ; *Farren* v. *McMahon,* 110 Vt 55, 59, 1 A2d 726.

She also says that she met her burden by showing that the driveway leading into the Melendy premises had so much snow in front of it left there by the snow plow that she was justified in not driving into it and it was not available to her. This reason does not excuse her from a compliance with the statute. She is no better off because of that than she would be if there had been no driveway there. The absence of one would not have justified her in parking on the highway so as to interfere with traffic.

She says in her brief that she is excused because the stop was only a momentary one for a temporary purpose; that is, "long enough for her husband to take the dog into the kennel, leave the animal and return immediately to the automobile." We said in *Palmer* v. *Marceille et al, supra,* 507, that "to park a car means more than a mere temporary stoppage for a temporary purpose." Highways exist primarily for the purpose of travel. The term "parking" as applied to automobiles, includes not only the voluntary act of leaving a car on the highway unattended, but also stopping a car on a highway, though occupied and attended, for a length of time inconsistent with a reasonable use of the highway for the purpose of travel. It does not generally include stopping at the curb for the purpose of taking in, or letting out persons. 5 Am Jur Automobiles, § 334; *Wonewoc* v. *Taubert,* 203 Wis 73, 233 NW 755, 72 ALR 224. The statute is a safety statute which one is bound to observe, though the purpose in stopping is a worthy one. *Hall* v. *Royce et al,* 109 Vt 99, 106, 192 A 193. The trouble with the plaintiff's position is that the case is lacking of any evidence as to the length of time she intended to stop or from which such time can be inferred. The only evidence is that she stopped for the purpose of leaving the dog at the kennels. There was nothing more and no evidence as to how long that was to take. There was no evidence that any previous arrangements had been made about leaving it there at the time in question here. It is true that the collision occurred within two or three minutes after the car was stopped but this is no yardstick by which it can be found or inferred that the stop was to be only temporary or momentary.

The plaintiff did not produce any evidence fairly and reasonably tending to excuse her violation of the parking statute. She did not prove any attendant circumstances to counter-balance or over-

come the effect of the statute. The case is entirely lacking of any evidence which would warrant any inference of due care on her part in parking in violation of the statute. She did not sustain the burden of showing herself free from contributory negligence or of producing sufficient evidence, in view of her violation of the statute, to take the case to the jury on this point. No question can be made that her contributory negligence in parking as she did was a part of the proximate cause of the accident. In fact, that is not questioned. It was error to deny the defendant's motion for a directed verdict.

*Judgment reversed and judgment for the defendant to recover her costs.*