164

## Richard LeClair v. David Bruley

[122 A2d 742]

February Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed May 1, 1956.

*Joseph S. Wool* for the plaintiff.

*Ready & Brown* for the defendant.

**Jeffords, C. J.** This is an action in tort to recóver for property damage received in an automobile accident. Trial was had by the Franklin Municipal Court without a jury with a resulting judgment for the defendant. The case is here on the plaintiff's exception to the judgment. This exception raises only the question of whether the judgment is supported by the facts found. *Little* v. *Loud*, 112 Vt 299, 304, 23 A2d 628.

There was an agreed statement of facts that the court adopted for its findings of fact which read as follows:

"This is an action in Tort arising out of an accident which occurred on the 14th day of June, 1953, at approximately 11:30 P.M. It occurred on Fairfax Street in the Town of St. Albans. The plaintiff's vehicle was parked on the extreme right, or northerly side of the traveled portion of the street, headed west, without any lights on. Plaintiff was seated in his vehicle at the time. This street is not lighted by any street lights, and does not have any curbings. The highway is straight, and vision unobstructed. Plaintiff's car was in good running condition, and the lights were working at the time.

"The defendant was proceeding easterly on Fairfax Street at a speed of thirty miles per hour. The speed limit here is fifty miles per hour. It is found that the defendant drove his vehicle to the left of the center of the highway, and the left front of his vehicle hit the right front of the plaintiff's vehicle. Plaintiff's vehicle was parked to its right of the center of the highway so that when the defendant's vehicle struck the plaintiff's vehicle the defendant's vehicle was to the left of its center of the highway. Defendant's driving lights were on.

"It is found that the damage to the plaintiff's vehicle was FOUR HUNDRED NINETY ONE DOLLARS and FORTY NINE CENTS [$491.49]. Defendant's vehicle also suffered damage.

"There was room for the defendant's vehicle to pass on its own side of the highway."

From the findings it is apparent that the plaintiff violated the provisions of V. S. 47, §10,225, in that the lamps of his car were not lighted as required by the statute and that he also violated §10,219-XIII which prohibits parking on the used part of a highway so as to interfere with traffic on the highway.

Each of these statutes is a safety statute and a violation thereof makes a prima facie case of negligence. These

violations give rise to rebuttable presumptions, rather than conclusive presumptions of negligence and proof of attendant circumstances may, in a civil case, counter-balance or overcome the effect of the statutes.  *Appleyard* v. *Ray Co.*, 115 Vt 519, 522, 66 A2d 10, and cases cited.  No such circumstances are to be found in the findings.

■ We turn now to the question of whether the negligence of the plaintiff was the proximate cause, or a part thereof, of the accident so as to bar his recovery.  The test to be applied in determining this question has been set forth in *Paquin* v. *St. Johnsbury Trucking Co.*, 116 Vt 466, 470, 471, 78 A2d 683, 80 A2d 669, substantially as follows:  The test is not, whether the accident would have occurred independently of want of care and prudence on the part of a plaintiff, but whether such want of care and prudence contributed in any degree, in point of fact, to the happening of the accident.  If it did so contribute, the plaintiff cannot recover, for the reason that the court and jury cannot be called on to determine the proportionate effect of the concurring fault of both parties; and hence it must appear from all the evidence that the fault of the plaintiff did not contribute at all to the happening of the accident.

It is clear from the facts as found that the negligence of the plaintiff contributed to the happening of the accident. It was operative during the entire time from which the violations of the statutes commenced to the time of the happening of the accident.  See *Shea* v. *Pilette*, 108 Vt 446, 453, 189 A 154, 109 ALR 933.  See also *Naylor* v. *Dragoon*, 116 Vt 552, 555, 556, 80 A2d 600, a case much in point in respect to the violation of §10,219.

*Judgment affirmed.*