## Guy Simpson v. Alfred Bona

[271 A.2d 844]

No. 26-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 1, 1970

*Richardson & Caldbeck,* St. Johnsbury, for Plaintiff.

*Theriault & Joslin,* Montpelier, for Defendant.

**Smith, J.** This is an automobile negligence case. Trial in the Caledonia Court resulted in a verdict for the defendant. The only question presented on this appeal by the plaintiff is that the trial court was in error in denying the motion of the plaintiff that the issue of contributory negligence be taken from the jury, and that the jury be instructed that contributory negligence was not an issue.

This Court, in considering the denial of the motion of the plaintiff, must view the evidence in the light most favorable to the defendant, excluding modifying evidence, and sustain the action of the lower court on appeal if there is evidence reason-

ably and fairly tending to justify a finding by the jury of contributory negligence on the part of the plaintiff. *Berry* v. *Whitney and Whitney*, 125 Vt. 383, 385, 217 A.2d 41 (1966) ; *Fuller* v. *Rutland*, 122 Vt. 284, 288, 171 A.2d 58 (1961).

The defendant is the owner of a store in the Town of Lyndon. The store is located at the intersection of Depot and Main Streets. Depot Street runs in a west to east direction, and Main Street runs at right angles to it in a north and south direction. At the time of the accident on March 14, 1968, the plaintiff, who had been shopping in the store of the defendant, drove his car from Depot Street and around the corner, heading north on Main Street. Seeing his brother in a car on the opposite side of Main Street, he stopped his car on the eastern edge of Main Street, on the edge of the highway, and partially in the parking area of the store of the defendant located in that area. His vehicle was headed toward the north. Near the same time, the defendant left his store and went into his parking lot to back his vehicle onto Main Street. His vehicle was parked next to the store, headed easterly, so that it was necessary for him to back in a westerly direction to get onto Main Street. The situation then existing was that the car of the plaintiff was stopped broadside to the car of the defendant, and almost directly in back of it.

The defendant left his store, walked around his car, got into the driver's seat and started the engine. His back window was obscured by snow, but he glanced through his right side window, and observing no traffic coming from his right, he backed up a short distance and struck the car of the plaintiff.

■ The defendant, who had pleaded contributory negligence on the part of the plaintiff, had the burden of proof on that issue. 12 V.S.A. § 1024; *Garafano* v. *Neshobe Beach Club, Inc.*, 126 Vt. 566, 573, 238 A.2d 70 (1967).

Defendant does not dispute that there was negligence on his part in backing up his vehicle at a time when it was impossible for him to view the scene behind him. His contention is that the plaintiff was also guilty of negligence which constituted the proximate cause of the accident in stopping his car when and where he did stop or park it. No evidence was offered below that the plaintiff was illegally parked in the position in which he had placed his vehicle, although such vehicle was

stopped on the edge of the highway, with part of it extending off to the right side of Main Street.

While the defendant does contend that plaintiff was contributorily negligent in stopping his car behind, and at right angles to the car of the defendant in the parking lot, and not keeping a lookout for a possible movement of defendant's car left in the store's parking area, he cites us no authority to sustain this contention. What defendant did attempt to indicate through his evidence was that he was already in his vehicle, preparing to back it up just prior to the time that plaintiff stopped his car directly behind him. His evidence on this point was that upon leaving his store to enter his car, he walked around the front of it before entering it and did not observe the pickup-truck of the plaintiff behind his vehicle.

However, the testimony of the sister-in-law of the plaintiff, sitting in the car belonging to her husband, directly across Main Street, was that she saw the defendant walk around the front of his car, and enter the vehicle, subsequent to the time that the plaintiff had stopped his car, and started to back it. We find no authority that an occupant of a parked vehicle is under a duty to keep a lookout for other vehicles which may be approaching his stationary vehicle from all other directions.

23 V.S.A. § 1044 provides:

> "A person shall not stop or park the motor vehicle he is operating . . . so as to interfere with traffic on such highway . . . ."

But this section does not apply to highways within cities, villages and towns where local traffic ordinances and regulations shall govern. Nothing appears in the record before us that there was any violation here of a local ordinance, nor that the plaintiff was in any way interfering with traffic on Main Street. See *Naylor* v. *Dragoon*, 116 Vt. 552, 554, 80 A.2d 600 (1951).

In the instant case, the probative evidence is so undisputed and conclusive that it is susceptible of only one reasonable deduction, that is, of due care on the part of the plaintiff. The defendant did not carry the burden of proof that was on him to prove contributory negligence on the part of the plain-

tiff, and the trial court was in error in denying the motion of the plaintiff to remove such issue from the consideration of the jury.

Had the trial court properly removed the issue of contributory negligence from the jury's consideration of the case, with the unquestioned negligence of the defendant in backing his car into that of the plaintiff while his view of the area directly behind him was obscured, the plaintiff would have been entitled to a directed verdict on the question of liability if he had so moved.

*Reversed, and remanded.*