STODDARD BROTHERS *v.* HARRY E. HOWARD.

November Term. 1927.

Present:   WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed January 4, 1928.

2

*Ernest E. Moore* for the plaintiff.

*Stickney, Sargent & Skeels* for the defendant.

SLACK, J. The plaintiffs are co-partners. They seek to recover from defendant the amount of a promissory note, the material parts of which are in the following language:

"$160.00.                    Chester, Vt., Sept. 25, 1922.

120 days from date, without grace, we jointly and severally promise to pay the National Bank of Chester, or order, at their banking house, One Hundred and Sixty Dollars, value received.

No. 58939                           Walter Hebert
P. O. Address.                      Harry E. Howard
          Indorsements:
                    Price A. Stoddard
                    Stoddard Brothers
                    Without recourse
                    National Bank of Chester
                    P. E. Heald, Cashier."

The defendant by way of answer denied that he received any consideration for signing said note and averred that he signed it at the request of Price A. Stoddard, one of the plaintiffs, as a mere accommodation to the plaintiffs and to enable them to procure the money thereon from the National Bank of Chester, and upon the express promise of said Stoddard, that he, said Stoddard, and said firm of Stoddard Brothers, would pay the same at maturity, if Hebert failed to do so, and save defendant harmless and indemnified from all liability thereon; that plaintiffs became the owner of said note after the same was due with full knowledge of defendant's true relation thereto, and that payment thereof to said bank by plaintiffs discharged defendant from all liability thereon. The defendant had a verdict and judgment below and the case is here on plaintiffs' exceptions.

It appeared without dispute that the note in question was a renewal of a note of like tenor; that after defendant signed the original note plaintiffs procured the money thereon from the National Bank of Chester; that when that note fell due the note in question was given in lieu thereof; that when the note in question fell due it was paid by the plaintiffs, and Hebert failing to pay the same this suit was brought. Concerning the original note defendant testified that it was given for the purchase price of an automobile which Hebert bought of plaintiffs; that about two weeks after Hebert bought the automobile defendant met Price Stoddard in the road and Stoddard asked him if he would sign a note with Hebert for the purchase price

of the automobile; that defendant did not sign the note at that time, nor did it appear that he promised so to do; that about a week later said Stoddard called at defendant's home and again asked him if he would sign the note as an accommodation as they had got to raise some money; that defendant told Stoddard that he did not know how long Hebert would work for him; that Stoddard then said "if I would sign the note he would see that it never caused me any trouble," whereupon defendant signed it. This evidence was denied by Price Stoddard, and he testified that when Hebert brought the original note to him it bore the signatures of both Hebert and the defendant. This was the only evidence regarding the execution of the note by defendant.

The defendant having admitted signing the note, the only question for the jury was whether he signed it in the circumstances and under the conditions testified to by him or signed it before Hebert delivered it to plaintiff as testified to by Price Stoddard. On this issue the burden of proof was with the defendant (*Harponola Company* v. *Wilson*, 96 Vt. 427, 433, 120 Atl. 895; *Alexander* v. *Chevalier et al.*, 98 Vt. 230, 126 Atl. 498), and to the failure of the court to so instruct the jury, plaintiffs excepted. An examination of the record shows that the court gave no instructions whatever concerning the burden of proof on any issue presented either before or after its attention was called to the omission by plaintiffs' exception.

The defendant insists that since such was the situation the plaintiffs suffered no greater harm than he did by reason of such shortage, but this assumption is unwarranted in view of the fact that the verdict was in his favor. Again it is said that defendant assumed the burden of proof at the trial, and that the evidence justified the verdict. To be sure defendant assumed this burden in that he introduced the first evidence tending to support his defense, but that circumstance alone did not obviate the necessity for a correct charge on the subject; and while the evidence was sufficient to sustain the verdict it was not such that a verdict for plaintiffs could have been said to be unwarranted. It is further urged that the exception, which was, in effect, to the failure of the court to charge respecting the burden of proof on the "defense" claimed, was too indefinite to save the question before us, since the answer set

up several defenses. The record shows that the only defense relied upon so far as proof was concerned was that made by defendant's evidence that he signed the note in the manner above stated. In the circumstances the exception was sufficient to fully apprise the court of the shortage complained of. Finally, it is urged that since the defendant filed no request for instructions respecting the burden of proof the court's failure to notice that subject does not constitute reversible error. Such is the holding in some jurisdictions, but the well-established rule in this State requires the court, though not requested, to instruct the jury upon every essential part of the case; and an exception to its failure so to do is well taken. *Rowell* v. *Town of Vershire,* 62 Vt. 450, 19 Atl. 990; *Bradley & Blandin* v. *Somerset Land Company,* 94 Vt. 243, 256, 110 Atl. 309; *Moore* v. *Duke et al.,* 84 Vt. 401, 410, 84 Atl. 194; *State* v. *Clary et al.,* 84 Vt. 110, 113, 81 Atl. 450. In the circumstances there can be no doubt that the question as to who had the burden of proof on the only issue in fact raised was an essential part of the case. The exception is sustained. Since other questions raised are not likely to recur on a retrial they are not considered.

*Judgment reversed and cause remanded.*