Frank C. Fletcher *v.* Henry R. White.

January Term, 1946.

Present: Moulton, C. J., Sherburne, Sturtevant, Jeffords, JJ., and Cleary, Supr. J.

Opinion filed February 5, 1946.

*Ryan, Smith & Carbine* for the defendant.

*Clayton H. Kinney* for the plaintiff.

MOULTON, C. J.   This is an action in tort brought to recover damages sustained in an automobile collision.   The verdict and judgment below were for the plaintiff and the defendant has brought the cause to this court on an exception to the overruling of his motion for a directed verdict.

The defendant concedes his own negligence, but insists that the evidence showed that the plaintiff was contributorily negligent as a matter of law, and therefore should be denied recovery.

The evidence taken in the most favorable light for the plaintiff left it open to the jury to find these facts: The accident happened at Stockbridge Four Corners, so called, where the highway leading east from Pittsfield to Stockbridge Common crossed the highway leading south from Rochester to Bethel at a right angle. The plaintiff was driving from Pittsfield to Stockbridge Common. Just before he reached the intersection a bank, or mound, some ten feet high with a sand pile upon it rendered it impossible for him to see whether the road towards Rochester was clear of traffic until the front wheels of his automobile were two or three feet from the intersection and his view then extended forty to fifty feet to the north.   There is an ascending grade on the Pittsfield road at that point, and a descending grade and a slight curve on the Rochester road just before the crossing, which further obstructed the plaintiff's view to the north.   As he approached the intersection the plaintiff shifted gears and reduced his speed from twenty-five miles an hour to about twenty miles an hour.   He looked to his left and saw nothing approaching and then to his right with

the same result. When he had reached the middle of the intersection he saw the defendant's car coming toward him from the north, twenty or twenty-five feet away, on the left hand side of the Rochester road, at an estimated speed of twenty-five to thirty miles an hour, and he turned to his right to avoid the collision, but without success. The plaintiff's automobile was beyond the median line of the crossing when the accident took place, and wheel marks in the road indicated that the defendant's automobile had been in the middle of the road about sixty feet from the point of collision and had then turned to the left until it was on the left of the middle of the highway to the extent of the width of the vehicle when the two cars came together.

Although the plaintiff had the right of way over traffic coming on his left, that is, from the north, (P. L. 5110-II), the fact that he was about to enter the intersection from the favored direction did not give him exclusive rights over a vehicle approaching from the disfavored direction. *Reid* v. *Abbiatti,* 113 Vt 233, 235, 32 A2d 133; *Jasmin* v. *Parker,* 102 Vt 405, 416, 148 A 874; *Lachance, Admr.* v. *Myers,* 98 Vt 498, 504, 129 A 172. He had the right to assume, in the absence of anything to the contrary, that the defendant would observe the requirements of P. L. 5110-III, and approach and enter the crossing slowly and with due care to avoid accident, but he was not relieved from an equal compliance with the statute. *Jasmin* v. *Parker, supra; Lachance, Admr.* v. *Myers, supra; Hatch* v. *Daniels,* 96 Vt 89, 93, 117 A 105. Since the precautions to be taken increase with the hazards, the restricted view made this duty all the more imperative. *Ferraro* v. *Earle,* 105 Vt 243, 248, 164 A 886. In the course of his forty years of practice as a country doctor the plaintiff had passed over the cross roads about forty thousand times and was familiar with all the conditions there existing.

But if the plaintiff was negligent in respect to the speed and manner with which he approached and entered the intersection, which we do not find it necessary to decide, it is clear that the question whether such negligence, if it existed, was a proximate cause of the accident was for the jury. Only if it were of such a causal nature would it be contributory in a legal sense and operate to bar recovery. *Goodwin, Admx.* v. *Gaston et al,* 103 Vt 357, 363, 154 A 772; *Merrihew* v. *Goodspeed,* 102 Vt 206, 216,

147 A 346, 66 ALR 1109; and see *Wright* v. *Godin,* 108 Vt 23, 25, 182 A 189. The principle is the same where the claimed negligence consists in the breach of a safety statute. *Lachance, Admr.* v. *Myers, supra.*

As we have seen, there was evidence tending to show that the plaintiff had reached the right hand side of the Rochester road, where he had the right to be. The defendant drove well to the left of the middle, and it is fairly inferable that if he had kept to his right he would have passed the plaintiff without injury. Whether the plaintiff could have stopped and thus avoided the accident after he saw the defendant approaching is, to say the least, problematical. Whether, after entering the intersection, he could or should have seen the defendant before he did could not under the circumstances be ruled upon as a matter of law. There was no error in the denial of the motion for a directed verdict.

*Judgment affirmed.*