LESTER BRESSETT *v.* FRANCIS O'HARA.

(70 A2d 238)

November Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed January 3, 1950.

*John Molla* for the defendant.

*Russell E. White* for the plaintiff.

. ADAMS, J.  This is an action to recover property damages resulting from a collision between the automobile of the plaintiff and

one operated by the defendant. The accident occurred at the intersection of Berlin and Smith streets in the City of Barre about 11:15 on the evening of May 4th, 1948. Trial was by jury with verdict and judgment for the plaintiff. The case is here on exceptions of the defendant.

Berlin street runs in a westerly direction from North Main street. Smith street crosses Berlin street and runs in a north and south direction. A store building is located at the northeast corner of the intersection, fifteen to twenty feet from the curb on Smith street and about four feet from the sidewalk on Berlin street.

The first exception briefed is to the denial by the court of the defendant's motion for a directed verdict. The ground of the motion was that the plaintiff was guilty of contributory negligence as a matter of law.

The evidence as to what happened was very conflicting; that of the plaintiff coming from him, two passengers in his taxi and one of the police officers who investigated the accident and that of the defendant coming from him and a friend who was with him. Viewed in the light most favorable to the plaintiff, giving consideration to such inferences as might reasonably be drawn by the jury from the facts appearing in evidence it tended to show:— The plaintiff was operating his automobile as a taxi; he with two passengers had proceeded on North Main street and turned into Berlin street travelling westerly at a speed of between 15 to 20 miles per hour; as he approached the intersection he slowed down to from 5 to 10 miles per hour; he was on his right hand side of the street and when he was within 3 or 4 feet of the easterly side of Smith street he looked first to his right and then to his left; he could see northerly on Smith street 100 feet and saw no automobile approaching; he then entered the intersection and did not look again; when the front of his car was about two thirds through the intersection it was struck on its right side just back of the front fender by the car operated by the defendant. The plaintiff's car continued its forward motion but sharply to its left, leaving skid marks back of the rear wheels 21 feet long and it stopped with its front bumper against an electric light pole at the southwest corner of the intersection. The plaintiff did not see the defendant's car until just as it struck his car; at that time he applied his brakes sharply. The defendant and his friend had spent the evening at a house on Ladd

street that runs parallel to Berlin street; they left there and proceeded down a steep grade and around a sharp curve into Smith street; at a point not over 100 feet northerly from the intersection the defendant's speed was between 30 and 40 miles per hour. After the collision, the defendant's car veered sharply to its right and stopped headed west on Berlin street; it left sidewise scuff marks 12 feet long. The jury could have inferred that the defendant's car was being operated with only its parking lights on; that its brakes were not working and that it did not slow down before entering the intersection.

It is true that on cross examination the plaintiff testified in substance that when he looked to the north just before entering the intersection, if he had seen the defendant's car and applied his brakes, he could have stopped before getting more than a foot beyond the easterly curb on Smith street. It is also true that the evidence of the defendant tended to show that his head lights were on; that he was proceeding slowly and came nearly to a stop before entering the intersection. This evidence was sharply contradicted.

It is true too, as the defendant says, that to free himself from contributory negligence, it was necessary for the plaintiff to look for approaching cars and look effectively. He was required to look with the degree of care that a careful and prudent person would have exercised under like circumstances. It will be presumed that he saw what was within the range of his vision, if he looked. It will not avail him to say that he looked and did not see what he could not have helped seeing if he looked. *Beattie* v. *Parkhurst,* 105 Vt 91, 94, 163 A 589, and cases cited.

This does not mean, however, that under no circumstances could the plaintiff enter the intersection, even though he knew defendant's car was approaching, without being guilty of contributory negligence. While the defendant had the advantage by reason of the fact that he was approaching the intersection from the plaintiff's right or favored direction, V. S. 10,219, Sub. II, Rev. 1947, this did not necessarily give him the right of way over the plaintiff. His right of precedence depended upon his distance from the intersection, his speed, etc. *Lachance, Admr.* v. *Myers,* 98 Vt 498, 503, 129 A 172; *Jasmin* v. *Parker et al,* 102 Vt 405, 416, 148 A 874; *Rich* v. *Hall,* 107 Vt 455, 460, 181 A 113; *Beattie* v. *Parkhurst, supra.*

While the plaintiff was not relieved from a compliance with

the statute or the exercise of due care himself, he had the right to assume the defendant would observe the law; that he would not be operating a car at 11:15 at night with only parking lights on and without brakes or approach the intersection at an excessive speed and without due care. The plaintiff's care and diligence is to be measured in view of this assumption and the circumstances then attending. *Crossman* v. *Perkins et al,* 101 Vt 94, 99, 141 A 594; *Porter* v. *Fleming,* 104 Vt 76, 80, 156 A 903; *Page* v. *McGovern,* 110 Vt 166, 171, 3 A2d 543; *Fletcher* v. *White,* 114 Vt 377, 379, 45 A2d 569.

■ It is true as claimed by the defendant that where the material facts are undisputed and are so conclusive that but one reasonable deduction can be drawn therefrom, the question of contributory negligence is one of law for the court. *Parro* v. *Meagher,* 108 Vt 182, 188, 184 A 885, and cases cited. See also *Kennedy* v. *Laramee,* 115 Vt 358, 362, 61 A2d 547. These cases are distinguishable from the present case. Here the evidence was conflicting and some of the material facts were disputed. The credibility of the witnesses was for the jury. It was for them to draw reasonable inferences from the facts as they found them from the evidence. Furthermore, the defendant relies upon evidence that makes most strongly against the plaintiff. He omits evidence that is most favorable to the plaintiff. Under the circumstances of this case as disclosed by the evidence it, manifestly, cannot be said as a matter of law that the plaintiff was guilty of contributory negligence in attempting to use the intersection as he did. *Beattie* v. *Parkhurst, supra.* The motion for a directed verdict was properly overruled and this exception is not sustained.

■ The defendant briefs an exception to the denial of his motion for a mistrial. The motion was based upon the ground that during the re-direct examination of the plaintiff he was asked the following question by his attorney;— Q. "Mr. Bressett, you had conversations with Mr. Molla shortly after this accident—did Mr. Molla tell you whom he represented?" The answer was "No." The ground of the motion was that it was an attempt to get insurance into the case. It had appeared by the cross examination of the plaintiff by Mr. Molla, who was the attorney for the defendant in this case, that the plaintiff had been to Mr. Molla's office (for aught that appeared his going there was voluntary on his part)

and had presented Mr. Molla with a bill for loss of use of his car. He was cross-examined quite fully about this bill which he left with Mr. Molla and the visit to the office in an attempt to discredit him as to the amount he was claiming for loss of use of the car. Insurance was not mentioned and it is not inferable from the question and answer or record. The motion was addressed to the discretion of the trial court and, except for abuse, its discretion is not reviewable. Such abuse is not shown and the exception is not sustained. *Ryan* v. *Barrett,* 105 Vt 21, 23, 24, 162 A 793, and cases cited.

The defendant excepted to the failure of the court to charge his request No. 5 as follows:— "The intersection in question was blind because of the store building which was only four feet from the inside of the sidewalk and under such circumstances the duty of care of the plaintiff Bressett in entering the intersection became more imperative because of the increase of the hazard." This request did not give the facts correctly. The evidence was, that the store building was 15 to 20 feet from the curb on Smith street and 4 feet from the inside of the sidewalk on Berlin street. Its distance from Smith street was what made the intersection blind, if it was, from the direction in which the plaintiff was traveling. For this reason, if for no other, the requested instruction was properly denied. The exception is without merit.

The defendant excepted to the failure of the court to charge his request No. 11 as follows:— "The law requires that all operators must obey the law and if the plaintiff failed to comply with the law in any respect, he is guilty of contributory negligence, which bars recovery on his part." The requested instruction simply stated an abstract proposition of law without any explanation as to its applicability to the particular case on trial. It was properly refused. *Von Hesse et al* v. *Tindall,* 115 Vt 414, 415, 63 A2d 197, and cases cited. Moreover, it did not state the law correctly. Contributory negligence by failure to comply with the law is not a bar to recovery unless it is the proximate cause of the accident. *Fletcher* v. *White, supra* and cases cited; *Hatch* v. *Daniels,* 96 Vt 89, 92, 117 A 105; *Lachance, Admr.* v. *Myers, supra.*

The defendant excepted to the failure of the court to charge his request No. 16. All that is said in his brief about it is to quote the request and say that it is sound. This is inadequate briefing

and merits no consideration. *Huckabee* v. *Montgomery,* 113 Vt 75, 29 A2d 810; *Cobb* v. *Rutland Savings Bank,* 113 Vt 117, 121, 29 A2d 705; *Johnson* v. *Moore,* 109 Vt 282, 288, 196 A 246; *Doubleday* v. *Town of Stockbridge,* 109 Vt 167, 169, 194 A 462. An examination of the charge, however, discloses that the matter of proof and the amount thereof, with which this request has to do, was fully and adequately covered. No error appears.

*Judgment affirmed.*