JOHN J. TOLIN *v.* MARY B. HASBROOK.

(77 A2d 914)

Special Term at Rutland, November, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and BLACKMER, JJ. and HULBURD, Supr. J.

Opinion Filed January 2, 1951.

*Ryan, Smith & Carbine* and *James T. Haugh* for the defendant.

*Philip M. M. Phelps* for the plaintiff.

CLEARY, J. This action is in tort for negligence for damages to the plaintiff's automobile as a result of a collision with a truck operated by the defendant. Plea, the general issue. Trial by jury, verdict and judgment for the plaintiff. The only exception briefed by the defendant is to the court's refusal to grant the defendant's motion for a directed verdict made at the close of the plaintiff's case. The grounds of the motion were that, on his own testimony, the plaintiff was guilty of contributory negligence as a matter of law and that there was no evidence of the defendant's negligence.

In considering this motion the evidence must be viewed in the light most favorable to the plaintiff. *Ranney's Admr.* v. *St. Johnsbury Trucking Co.,* 116 Vt 13, 14, 68 A2d 697; *Appleyard Motor Co.* v. *Ray Co.,* 115 Vt 519, 520, 66 A2d 10; *Cobb* v. *Olsen,* 115 Vt 266, 268, 56 A2d 471; *Tinney* v. *Crosby,* 112 Vt 95, 101, 22 A2d 145. Viewed in that light the plaintiff's own testimony, which was uncontradicted, revealed the following facts:

The accident occurred at 10:30 a.m. on January 10, 1949, at

an intersection of highways in the town of Benson. Plaintiff was driving his Chevrolet two door sedan southerly on Route 22 A and defendant was driving a Ford pickup truck westerly on the Bush Pond Road. Route 22 A is straight for a long distance both northerly and southerly of the intersection. From the north it is down grade to the intersection for about half a mile. Bush Pond Road is level. There is a stop sign on the northerly side of that road just before the intersection but there was no evidence that the defendant failed to regard that sign. It was raining at the time of the accident. The land on both sides of Route 22 A is level and the view unobstructed approaching the intersection from the north. There was no question that the plaintiff could have seen the defendant approaching the intersection if the plaintiff had looked to his left. The plaintiff's speed as he drove down grade and approached the intersection was 50 miles an hour. He was driving in his own right lane of the hard surfaced road and looking straight ahead. He took his foot off the accelerator, diminished his speed to approximately 45 miles an hour and was traveling at least 45 miles an hour when the collision occured. He was familiar with the intersection and had traveled that route a good many times. He knew that the law required him to enter all intersecting highways with due care. The only things he did as he came into the intersection were to let up on the accelerator and to glance to the right of the intersection. At no time did he look or glance to the left or see the defendant's truck until a passenger with the plaintiff, riding on the front seat, hollered. The defendant's truck was then one foot away and it immediately ran into the plaintiff's car. There was no other evidence to connect the defendant with the accident. From the evidence it does not seem that the defendant was negligent but it is not necessary to decide this question because the negligence of the plaintiff is plain.

Ordinarily contributory negligence is a question of fact for the jury, but where the material facts are undisputed and so conclusive that only one reasonable deduction can be drawn therefrom, it becomes a question of law for the court. *Steele* v. *Fuller,* 104 Vt 303, 308, 158 A 666; *Rush* v. *Cody,* 107 Vt 326, 330, 178 A 891; *Parro* v. *Meagher,* 108 Vt 182, 188, 184 A 885; *Labrecque* v. *American News Co.,* 115 Vt 305, 307, 58 A2d 873; *Kennedy* v. *Laramee,* 115 Vt 358, 362, 61 A2d 547; *Bressett* v. *O'Hara,* 116 Vt 118, 122, 70 A2d 238.

V. S. 47, § 10,219 (III) provides that all intersecting highways shall be approached and entered slowly and with due care to avoid accidents. The violation of that statute is prima facie evidence of negligence. *Johnson* v. *Cone,* 112 Vt 459, 462, 28 A2d 384; *Appleyard Motor Transp. Co.* v. *Ray Co.,* 115 Vt 519, 522, 66 A2d 10. To free himself from contributory negligence it was necessary for the plaintiff to look for approaching traffic and to look effectively as he approached and entered the intersection. *Bressett* v. *O'Hara, supra,* 121. Although the plaintiff had the right of way over traffic coming on his left, the fact that he was about to enter the intersection from the favored direction did not give him exclusive rights over a vehicle approaching from the disfavored direction. *Fletcher* v. *White,* 114 Vt 377, 379, 45 A2d 569, and cases there cited.

Where, as here, the only evidence indicates such a lack of due care that it must be concluded that the plaintiff's negligence was a proximate cause of the accident it is contributory in a legal sense and bars recovery. *Fletcher* v. *White, supra,* 379.

Since it would have been the court's duty, in the exercise of a wise judicial discretion, to set aside a plaintiff's verdict based on the evidence in the record, the defendant's motion for a directed verdict should have been granted. *Wellman, Admr.* v. *Wales,* 98 Vt 437, 448, 129 A 317; *Goodwin, Admx.* v. *Gaston,* 103 Vt 357, 367, 154 A 772; *McKirryher* v. *Yager,* 112 Vt 336, 347, 24 A2d 331; *Russell* v. *Pilger,* 113 Vt 537, 550, 37 A2d 403; *Horicon* v. *Estate of Langlois,* 115 Vt 470, 476, 66 A2d 16, 9 ALR2d 195.

*Therefore, the judgment is reversed; judgment is for the defendant to recover her costs.*