### Miller Chevrolet Co., Inc. v. James L. Sears

[108 A2d 529]

May Term, 1954.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.

Opinion Filed October 5, 1954.

*Edmunds, Austin & Wick* and *Wayne C. Bosworth* for the defendant.

*John T. Conley* for the plaintiff.

**Chase, J.** This is an action of tort for damages to the plaintiff's automobile. Trial was had by jury. Verdict and judgment were for the plaintiff. The case is here on the defendant's bill of exceptions.

At the close of all the evidence the defendant moved for a directed verdict and after the verdict the defendant moved to

set aside the verdict and for a judgment notwithstanding the verdict. These motions were denied and exceptions allowed. The grounds of these motions were that on all the evidence, viewed in the light most favorable to the plaintiff, it was guilty of contributory negligence, as a matter of law, which was a proximate cause of the damages complained of by it.

Viewed in the light most favorable to the plaintiff the jury, acting reasonably, could have found the facts as follows: the plaintiff's new Chevrolet automobile was being driven in a northerly direction from Middlebury village over U. S. Highway No. 7 at a speed of about fifty miles per hour. It was about 8:15 P. M. and it was dark. The driveway of the defendant is on the easterly side of Route No. 7 about a mile northerly from Middlebury village. The defendant's driveway runs from his house to Route No. 7 in a westerly direction down quite a steep incline. The defendant in backing down his driveway travelled a distance of 35 to 40 feet. When the plaintiff's driver was about 400 feet from the defendant's driveway he noticed defendant's car starting to back down the driveway. The plaintiff's driver was conscious all of the time he was approaching that the defendant's car was slowly backing down and he believed the defendant was going to stop at the entrance of the driveway into the highway. The plaintiff's driver maintained a speed of about 50 miles per hour until he was 125 feet or more south of defendant's driveway. At this point he observed the defendant's car continuing to back, without stopping, into the highway. At no time did he give any warning of his approach by sounding his horn. He slammed on his brakes and the rear end of the car started to sway. He was unable to bring the car to a complete stop and as he neared the defendant's driveway the defendant's car was across the highway and there was no room to pass by its front end. The plaintiff's driver turned his car into the defendant's driveway, ran off the edge of it and the car rolled off the bank onto its side.

 Ordinarily the question of contributory negligence is for the jury, where the law has no settled rule of diligence, but when the material facts are undisputed, and are so conclusive that but one reasonable deduction can be drawn, the

question is one of law for the court. *Parro* v. *Meagher*, 108 Vt 182, 187, 188, 184 A 885, and cases cited. Although the burden of proving freedom from contributory negligence was on the plaintiff, direct and affirmative evidence of due care on its part was not required. It was enough to carry the question to the jury to give evidence of such facts and circumstances as warranted an inference of due care on its part. *Huestis* v. *Lapham Est.*, 113 Vt 191, 195, 32 A2d 115, and cases cited. In the circumstances its negligence must be determined by what its driver did or omitted to do, without regard to defendant's lack of care. While the plaintiff's driver had a right to assume the defendant would not drive in a negligent manner, he could not for that reason omit any care that the law demanded of him, as this rule applies only in favor of one whose conduct measures up to the standard of due care. No one driver must obey the rules; all must obey them. The circumstances and dangers in each case are always to be taken into account in determining what is due care or evidence of it. *Parro* v. *Meagher, supra,* and cases cited. See *Kennedy* v. *Laramee*, 115 Vt 358, 362, 61 A2d 547 and *Bressett* v. *O' Hara*, 116 Vt 118, 122, 70 A2d 238. The legal standard of care required of the plaintiff's driver was that of a prudent man under all the circumstances, *Steele* v. *Fuller*, 104 Vt 303, 308, 158 A 666, measured in view of his right to assume the defendant would not drive in a negligent manner, *Bressett* v. *O' Hara, supra*; *Grossman* v. *Perkins*, 101 Vt 94, 99, 141 A 594; that is, would not back into the highway without first exercising the care of a careful and prudent man to ascertain that no vehicle was approaching so near and so fast as to make it unsafe for him to back in front of it for the purpose of turning and driving away. *Hastings* v. *Soule*, 118 Vt 105, 107, 100 A2d 577.

█ It is apparent that the damages the plaintiff sustained, as far as it is concerned, were due solely to its driver's inability to stop the car because of its speed, when he attempted to do so. While the question of whether the operation of a car at a certain speed constitutes negligence is ordinarily for the jury, it is not necessarily so. The question of what is or what is not a speed that a court will declare negligent as a matter of law varies,

and must vary, very largely with the circumstances of each particular case. *Parro* v. *Meagher, supra.* In the instant case the plaintiff's driver, when 400 feet away, saw the defendant start to back down his driveway toward the highway. He was aware of the defendant backing toward the highway all the time he approached the defendant's driveway. He never reduced his speed of fifty miles per hour nor gave any warning of his approach by sounding his horn, nor attempted to stop his car until the defendant's car was in the highway about 125 feet away. He exercised no care for his own safety or to avoid inflicting injury to the defendant until it was too late. He failed to have his car under proper control as he approached the defendant's driveway. As the late Justice Slack said in *Parro* v. *Meagher*, at page 189, a case in which the factual situation was very similar to the instant case, "he chose to take a chance on having a clear way, and lost."

Under the circumstances here, the plaintiff's driver was guilty of contributory negligence as a matter of law and it was error to refuse to grant the defendant's motion for a directed verdict. It is unnecessary to consider the defendant's motion to set aside the verdict.

The argument of the plaintiff that its driver was confronted with an emergency is of no avail, for whatever the emergency, it was contributed to by his own negligence. *Kennedy* v. *Laramee*, 115 Vt 358, 363, 61 A2d 547.

*Judgment reversed and judgment for the defendant to recover his costs.*