## William H. Smith v. Alfred H. Squire

[118 A2d 355]

October Term, 1955.

Present: **Jeffords, C. J., Cleary, Adams and Chase, JJ.**

Opinion Filed November 1, 1955.

*Black & Wilson* (*Albert W. Coffrin* on the brief) for the defendant.

*A. Pearley Feen* and *Philip W. Hunt* for the plaintiff.

**Jeffords, C. J.** This action grows out of a collision between the plaintiff's automobile and one operated by the defendant. Trial was by jury with verdict and judgment for the plaintiff. The case is here on the exception of the defendant to the refusal of the trial court to grant his motion for a directed verdict. The only ground of the motion here relied upon is that the plaintiff was guilty of contributory negligence as a matter of law.

From the evidence taken in the light most favorable to the plaintiff the jury reasonably could have found the following facts: The accident happened at about eight o'clock on the morning of September 18, 1953. The plaintiff was traveling easterly on the road from Jericho to a firing range test area and the defendant was traveling southerly on the road from Underhill to Jericho Center. Both were so called gravel roads.

The accident occurred in the intersection of the two roads. There were no traffic signs or signals at the intersection. Both parties were familiar with the intersection. The view of the plaintiff to his left and that of the defendant to his right was obstructed to a certain extent by a house, a tree and an automobile parked in the yard of the house.

When he was from three to four hundred feet from the intersection the plaintiff was traveling about thirty miles an hour. When about thirty feet from the intersection he put his car in second gear. At that time the speed of his car was about ten miles an hour and when he entered the intersection it was from eight to nine miles an hour. When his car was from twenty to thirty feet from the intersection the plaintiff looked to his left and saw no car coming. He could see up the intersecting road to the north about seventy-five feet. He then looked to his right, or southerly, and saw no approaching traffic. He looked again to his left when he was coming into the intersection and saw the defendant's car which was then about forty feet away and skidding. The plaintiff turned the wheel of his car to the right and the impact took place very near the center of the intersection. The plaintiff did not apply his brakes but he testified that if he had applied them when he first saw the defendant's car he did not believe that he could have avoided the accident.

The defendant testified that he saw the plaintiff's car when the defendant was about one hundred feet from the intersection. He then started to slow down and after he had gone about thirty feet he applied his brakes "hard" and skidded "some distance." A disinterested witness testified that the skid marks from where they started to the place of the collision measured seventy two feet in length. After the impact the defendant's car traveled sixty feet. It went through a fence and finally stopped in a field. The plaintiff testified that the speed of the defendant's car at the point of impact was twenty miles an hour.

■ Although the plaintiff had the right of way over traffic coming from his left, as the defendant was, V. S. 47, §10,219, sub. div. II, the fact that he was about to enter the intersection from the favored direction did not give him ex-

clusive rights over a vehicle approaching from the disfavored direction. He had the right to assume, in the absence of anything to the contrary, that the defendant would observe the requirements of V. S. 47, §10,219, sub. div. III and approach and enter the intersection slowly and with due care to avoid accident, but the duty was reciprocal, and he was not relieved from an equal compliance with the statute. Since the precautions to be taken increase with the hazards, the restricted view made this duty all the more imperative. *Brown v. Gallipeau*, 116 Vt 290, 295, 296, 75 A2d 694, and cases cited.

Applying the above stated pertinent rules of law to the evidence the jury well could have found as follows: That the plaintiff entered the intersection slowly. That there was nothing which deprived him of the right to assume the defendant would obey the mandate of the statute and approach and enter the intersection slowly and with due care. That the defendant was not in sight when the plaintiff first looked to his left and that the defendant would have been if he had complied with the requirements of the statute and that he failed so to do. That the plaintiff had the right to assume if the defendant, or any person operating a motor vehicle, were approaching the intersection from the plaintiff's left slowly and with due care when he first looked in that direction such motor vehicle would be in sight at that time. That for these reasons a prudent person under like circumstances would have chosen the approximate place selected by the plaintiff to look to his left for the first time. In short, the jury reasonably could have found that the plaintiff approached and entered the intersection slowly and with due care to avoid accident as required by the statute and that when he first saw the defendant's car he could do nothing to avoid the accident. The case of *Bressett* v. *O'Hara*, 116 Vt 118, 70 A2d 238, is much in point factually with the present case and a like result is there reached.

The cases of *Brown* v. *Gallipeau, supra*, and *Tolin* v. *Hasbrook*, 116 Vt 417, 77 A2d 914, much relied upon by the defendant below and here are not factually in point with the present case. It should also be noted that in the former there was a finding of fact of contributory negligence and that in

the latter the plaintiff looked only in one direction when entering the intersection until he was warned by a passenger of the approach of the defendant's car from the other direction at a time when it was too late to avoid the accident. In the present case the plaintiff looked in both directions before entering the intersection, as a prudent person would and should have done.

*Judgment affirmed.*