## Marion E. Desrocher v. Tracy B. Perry

[184 A.2d 217]

May Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed September 4, 1962

*Conley & Foote* for the plaintiff.

*Downs & Rachlin* for the defendant.

**Holden, J.** This action in negligence develops from an automobile accident that happened in the village of Middlebury on November 14, 1958. It was dark and the pavement was wet. The plaintiff

was traveling south on Main Street and the defendant was proceeding north on the same street. The collision occurred as the plaintiff made a left turn to enter a private driveway. In so doing she proceeded across the defendant's lane of travel. The plaintiff had no directional lights on her vehicle but testified she indicated her change in course by use of hand signals. She also testified that she looked for traffic approaching from the south in her opposite lane but saw none. The evidence was in sharp conflict concerning whether the defendant's headlights were on at the time of the accident. There was also some conflict as to the rate of speed the defendant was traveling. The defendant testified he was traveling twenty miles an hour. The plaintiff's witnesses estimated the speed of the defendant's vehicle at about thirty miles per hour.

In instructing the jury the trial court dealt with these facts in this language:

"Now, turning as she did, there are two questions that you must decide—really the whole crux of this case. Either she turned when she didn't have time or she turned, and believing she had time if the other car was approaching at the rate of speed it should have been approaching, and that it wasn't approaching at the rate of speed that it should have been and she did not have time to get across. So if you find that she had time to turn and get across the highway with the other car aproaching at the reasonable, proper rate of speed, then she is not negligent. However, if you find that she turned across the highway when the other car was approaching at a reasonable rate of speed and was such a distance from her she should have known she couldn't get across, then she is negligent and the defendant is not negligent."

In his brief the defendant claims error in this aspect of the charge and assigns two reasons; first, that the instruction is an erroneous statement of the law, and secondly, that it is unintelligible and confusing. The second ground urged here was not covered by the defendant's exception at the trial. No opportunity was afforded the trial court to correct the deficiency in this regard and will not be considered as reason for reversal. *Healy, Admr.* v. *Moore,* 108 Vt. 324, 347, 187 Atl. 679.

The first point stands differently. It appears from the exception taken at the trial that the defendant complained because the force and

effect of the court's instruction was to measure the plaintiff's contributory negligence according to reasonableness of the rate of speed the defendant was traveling. And this was the tenor of the charge that was given. In substance, the jury were told that if the plaintiff had time to cross the defendant's lane of travel, had the defendant been proceeding at a reasonable and proper rate, the plaintiff was not negligent.

A plaintiff is not excused from contributory negligence because the defendant, too, was negligent. *McLaughlin* v. *Getman,* 117 Vt. 25, 28, 83 A.2d 513. 23 V.S.A. §1042 requires that a person shall not turn his vehicle on the public highway without taking reasonable care to avoid injury to other travelers. And reasonable care in the meaning of the statute requires due care commensurate with the circumstances that attend the event under investigation. In making a left turn, changing her course of travel into the path of oncoming traffic, the plaintiff was called upon to exercise particular caution in view of the peril she was about to create. See 60 C.J.S. Motor Vehicles §344, p. 801. She was entitled to the assumption that the defendant would proceed at the proper rate of speed only if her conduct met the standard required of reasonable prudence. *Steele* v. *Fuller,* 104 Vt. 303, 308, 158 Atl. 666.

As the plaintiff was about to intersect the opposite lane, it was incumbent upon her to look effectively to ascertain that no vehicle was approaching so near, and so fast, that it would be dangerous to make the turn. *Miller Chevrolet Co., Inc.* v. *Sears,* 118 Vt. 302, 305, 108 A.2d 529. If the defendant's speed was excessive, the plaintiff's risk was aggravated. If the plaintiff became aware of this fact, or if it should have been known to her, the demands of reasonable care would be increased accordingly. The charge as given incorrectly applied the issue of contributory negligence to the reasonableness of the speed of the approaching vehicle.

The instructions submitted the case to the jury on an incorrect statement of the issues presented by the pleadings and the evidence. This was reversible error. *Stoddard Bros.* v. *Howard,* 101 Vt. 1, 5, 139 Atl. 776; *Morse* v. *Ward,* 102 Vt. 433, 436, 150 Atl. 132; *Kinsley* v. *Willis,* 120 Vt. 103, 112, 132 A.2d 163.

This result makes it unnecessary to examine the defendant's remaining assignment of error. However, we point out that the second defect in the instructions was recognized by the trial court when the jury returned for the further instructions. The court gave a supplemental charge on the same subject to which no objection was made. The second error was cured. *Hambleton* v. *Aja Granite Co.,* 96 Vt. 199, 204, 118 Atl. 878; *Rule* v. *Johnson,* 104 Vt. 486, 489, 162 Atl. 383; *Proulx* v. *Parrow,* 115 Vt. 232, 242, 56 A.2d 623.

*Judgment reversed and cause remanded for new trial.*