### David P. Connor v. Betty F. McGill

[ 238 A.2d 777 ]

December Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 6, 1968

20

*Black, Wilson & Hoff* for the plaintiff.

*Wick, Dinse & Allen* for the defendant.

**Holden, C.J.** At midafternoon on December 19, 1962, the plaintiff was traveling south in the west lane of U.S. Highway 7 in South Burlington. He had reduced the speed of his Volkswagen sedan preparatory to entering the driveway of the Redwood Motel, located on the east side of the highway. The thoroughfare at this point has two straight, undivided lanes of cement with blacktop shoulders of lane width on each side. The defendant was approaching from the south in the opposite lane, operating a Pontiac station wagon.

According to the plaintiff's testimony, he applied his directional signal some three hundred feet in preparing for a left turn into the motel. He reduced his speed from thirty to five miles an hour or less and put his vehicle in low gear. Although he did not identify the defendant's car, he saw traffic approaching in his opposite lane at a distance of three to four hundred feet to his south.

The plaintiff testified that he made a judgment that it was safe to turn and proceeded across the left lane. When his vehicle had cleared the concrete lane, and was on the shoulder with its front wheels at the intersection of the driveway and the highway curbing, it was struck in the forward section in the area of the right front wheel.

The force of the impact propelled the plaintiff's car thirty feet from the driveway. The defendant's vehicle came to rest about fifty feet farther north in the east lane of travel, eighty feet distant from the point of impact.

The defendant testified she was approaching the scene of the accident at forty miles an hour. She held her eyes straight down the road and did not see the plaintiff's car until she was about fifty feet from the point of impact. She was not aware that the plaintiff's directional light was on, although she knew that traffic in the opposite lane was going very slowly. She testified her car veered to the left on impact, "* * * and at that point I had exceptional acceleration."

At the close of the evidence in the plaintiff's action for personal injury and property damage, the defendant moved for a directed verdict. The motion was stated on the grounds that there was no evidence of negligence on the part of the defendant and that the plaintiff was guilty of contributory negligence as a matter of law. The motions were denied and the case was submitted, resulting in judgment of $3,500 for the plaintiff. The defendant appeals, assigning errors in the court's rulings on the evidence, in its instructions and the denial of the motion of a directed verdict.

 Although the defendant testified her speed just before the collision was forty miles an hour, the substantial destruction of the plaintiff's car and the force indicated by the distance of its lateral propulsion on impact is contradictory. There is also conflicting inference of excessive speed from the defendant's testimony of "exceptional acceleration." The question of the defendant's actual speed and whether the rate at which she was traveling were consistent with careful operation in the circumstances, presented issues for the jury to resolve. *Welch* v. *Stowell,* 121 Vt. 381, 385, 159 A.2d 75.

██ ██ There were also questions for the jury on the plaintiff's claim that the defendant failed to maintain a proper lookout and to react reasonably in the situation which confronted her. As to the latter charge, the defendant testified she applied the brake pedal with both

feet. Her vehicle responded with exceptional acceleration. Her evidence permits the inference that she applied the brake and accelerator at the same time. If exposed to a sudden emergency, she would not be held to the same degree of care required where there is opportunity for deliberate action. *French* v. *Nelson,* 111 Vt. 386, 391, 17 A.2d 323. And it was for the jury to determine whether her conduct conformed to reasonable prudence in the situation which confronted her. *Bennett* v. *Robertson,* 107 Vt. 202, 214, 177 A. 625; *Stevens* v. *Nurenburg,* 117 Vt. 525, 533, 97 A.2d 250.

■ Although the defendant was aware that opposing traffic was moving very slowly, her watch for other travelers was restricted to the road straight ahead. And if the plaintiff's directional sign was operating, and in plain view, the defendant could not disregard it. These factors were for the jury in determining whether or not the plaintiff's operation met the standards of prudent vision. *Smith* v. *Blow & Cote, Inc.,* 124 Vt. 64, 69, 196 A.2d 489; *Welch* v. *Stowell, supra,* 121 Vt. 381, 385, 159 A.2d 75.

■ As for the plaintiff, in changing his course of travel to intersect his left lane, it was essential that he look effectively to make certain that oncoming traffic was not approaching at speed and distance which would make the crossing dangerous. His duty of care was considerable and is to be measured according to the apparent proximity and speed of the defendant's approach. *Desrocher* v. *Perry,* 123 Vt. 156, 158, 184 A.2d 217. The fact that his compact car, which was only thirteen feet long, had cleared the defendant's lane and had reached the driveway entrance, is a circumstance in his favor. And if his directional signal was operating, as the evidence indicates, he was entitled to assume the plaintiff would see it and become aware of his impending change in direction. Under the circumstances which attended this accident, it was not error for the trial court to deny the motion which would hold the plaintiff guilty of contributory negligence as a matter of law. Rather it was for the jury to say whether the exercise of reasonable care would allow him to make a left turn at the time, without apparent danger. *Smith* v. *Grove,* 119 Vt. 106, 114, 119 A.2d 880; *Hastings* v. *Soule,* 118 Vt. 105, 111, 100 A.2d 577.

Since there was no error in the denial of the defendant's motion for a directed verdict, we turn to the other questions saved by the defendant.

During the trial, in response to an inquiry concerning what the plaintiff said to her after the accident, the defendant answered "(H)e said he did not see me. He did not know what had happened, and he also apologized and felt badly, and said for me not to worry, that this would all be taken care of." Plaintiff's counsel interrupted with the objection that the answer implies insurance. The court ruled: "We will strike that portion of the answer where he said in effect—'told me not to worry.'" The court made no comment to the jury to explain its ruling. In resisting the court's ruling, the defendant indicated she planned to show that the plaintiff stated he had plenty of insurance to take care of the defendant's damage.

■ Reference to insurance is permissible where it is inseparable from the context of an admission of liability. See *Joslin* v. *Griffith*, 125 Vt. 104, 105, 211 A.2d 249; *Hutchinson* v. *Knowles*, 108 Vt. 195, 200, 184 A. 705. Here, the full force and effect of the plaintiff's acknowledgment of fault was contained at the beginning of his statement to the defendant. That he admitted he did not see the defendant, did not know what happened and extended an apology to the defendant, were not included in the court's ruling. These facts remained in evidence.

The court correctly precluded the defendant's offer to show that the plaintiff said his insurer would take care of the defendant's damage. The extent of the plaintiff's insurance coverage, or the want of it, was immaterial. And here that aspect of his statement was capable of separation from the real substance of his admission. We find no error in the court's ruling on this point.

In instructing the jury, the court omitted any reference to 23 V.S.A. §1046. This statute requires an operator, before changing his direction of travel, to give warning of his intention by hand signal or with a lighting device approved by the motor vehicle commissioner. The defendant called the omission to the court's attention. The court noted the objection and submitted the case without further instructions.

■ Failure to comply with this statute gives rise to a rebuttable presumption of contributory negligence. *Smith* v. *Grove, supra*, 119 Vt. at 111, 119 A.2d 880. The burden of showing that the plaintiff violated this safety statute was on the defendant. 12 V.S.A. §1024; *Campbell* v. *Beede*, 124 Vt. 434, 438, 207 A.2d 236.

24

The only evidence of the defendant touching this issue was by way of a question asked by opposing counsel:

Q. Did you ever see the signal light on—the left signal light?
A. I was not aware of it being on.

Against this, the plaintiff testified he applied his directional signal. This fact was confirmed by the driver of a gasoline tank truck who was following the plaintiff. He observed the plaintiff's left directional signal go on at about the same distance from the place of the collision.

■ The defendant's answer did not put the violation of the statute in issue, it merely charged generally the plaintiff "was guilty of contributory negligence." And it is obvious from the evidence that the defense was not conducted on this theory. Neither the pleadings nor the evidence affords an adequate basis for the instructions indicated by the defendant's exception. In this posture of the record, there was no occasion for the court to supplement its charge to include the statute. *Merrihew's Adm'r* v. *Goodspeed,* 102 Vt. 206, 214, 147 A. 346.

■ It appears that about one-half of the jury's award of $3,500 was assignable to property damage. The defendant claims error in the court's instructions on the question of future damage. The court charged the jury the plaintiff was entitled to recover compensation for pain, anxiety and suffering, which the jury should find he would suffer in the future. The defendant opposed the instruction, contending there was no evidence in the case of such damage nor the duration or probability of prospective pain and suffering.

The plaintiff's medical evidence was presented by Dr. Heisse, an ear, nose and throat specialist. The doctor examined and treated the plaintiff in the hospital emergency room after the accident.

The X-rays indicated a fracture of the nose. This injury aggravated a previous deviated septum. The doctor explained, "* * * a deviated septum is simply the middle of the nose, which ordinarily should be straight, was pushed over into the other side of the nose; in other words, a slight bend." This condition produced obstruction of the nasal passage. The defect could be corrected by surgery "* * * to take the cartilage out, but leave the mucus membrane and push everything back into line so he can breath through his nose again." This procedure would require one or two days of hospitalization and one to three weeks of nasal care, at a combined surgical and hospital ex-

pense estimated at $375.00. The doctor recommended this course of action.

The plaintiff testified he had suffered persistent and continuing discomfort from the obstructed nasal passage. Dr. Heisse testified his pre-existing deviation was not obstructive and surgery was required to remove the present defect. And although there was no specific evidence addressed directly to the point, the jury could infer, with reason, that pain and suffering would accompany the surgery prescribed for the injury.

This evidence removed the issue of future pain from that of a mere possibility to one of reasonable certainty and natural consequence. It affords an adequate basis for the conclusion that pain and suffering would attend the injury for a fair length of time in the future —at least until the plaintiff had recovered from corrective surgery. The plaintiff was entitled to have the question considered and we find no error in the instruction which submitted it. *Moore* v. *Grand Trunk Railway Co.,* 93 Vt. 383, 392, 108 A. 334.

*Judgment affirmed.*