### Nancy D. Tyrrell v. James A. McDonald

[340 A.2d 99]

No. 73-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed June 3, 1975

Motion for Reargument Denied June 17, 1975

*Theodore Corsones, Esq.*, Rutland, for Plaintiff.

*E. Patrick Burke, Esq.*, of *Ryan, Smith & Carbine*, Rutland, for Defendant.

**Smith, J.** This is an automobile negligence case, arising out of an accident in the City of Rutland on June 10, 1971, tried in the Rutland Superior Court on December 6 and 7, 1973, and

resulting in a jury verdict for the defendant. The sole issue presented here is whether the trial court should have granted the plaintiff's post-verdict motion to set that verdict aside on the ground that the defendant was guilty of negligence as a matter of law.

The first of five interrogatories that the trial court submitted to the jury was, "Was the defendant guilty of any act of negligence that was a proximate cause of the accident and the resulting injuries to the plaintiff?" The jury answered this question in the negative.

The factual situation pertaining to the accident is not seriously disputed. The defendant was traveling south on South Main Street, a part of Route 7, in Rutland, while the plaintiff was traveling north on the same highway. South Main Street, in the area of the accident, is a four lane highway, with two lanes for both north and southbound traffic. When the defendant reached a point on the inside lane of the southerly lanes of travel, opposite the Sunset Motel, where he planned to spend the night, he turned to his left, thus crossing the two northbound lanes of travel. Just as his front wheels were entering the motel driveway he was struck on the right side of his car by the plaintiff's vehicle. Plaintiff, who had been traveling on the inside, or passing lane, of the northerly lanes, changed her way of travel to the outside lane in an attempt to avoid colliding with the car of the defendant, but was unable to avoid the subsequent collision.

The defendant argues that, in reviewing the denial of the plaintiff's motion, we must take the evidence in the light most favorable to the defendant, the prevailing party below, and exclude the effect of modifying evidence. *Bailey* v. *Town of Cabot*, 124 Vt. 153, 158, 197 A.2d 783 (1964). However, this principle does not allow us to overlook the defendant's own testimony that, although he observed the plaintiff's vehicle approaching him when it was about two hundred feet away, he did not observe, or note, the speed at which the vehicle of the plaintiff was approaching him.

Therefore, the question presented is whether the conduct of the defendant, under the circumstances above related, was negligent as a matter of law and should have been so found by the court, or whether it was a factual matter for the determination of the jury.

■ The duty of the defendant in changing his course of travel to intersect his left lane is set forth in *Connor* v. *McGill,* 127 Vt. 19, 22, 238 A.2d 777 (1967). "[I]t was essential that he look effectively to make certain that oncoming traffic was not approaching at speed and distance which would make the crossing dangerous. His duty of care was considerable and is to be measured according to the apparent proximity and speed of the [plaintiff's] approach."

■ It was the duty of the defendant who was about to intersect the opposite lanes of travel to look, and to look effectively, to ascertain that no vehicle was approaching so near, and so fast, that it would be dangerous to make the turn. *Desrocher* v. *Perry,* 123 Vt. 156, 158, 184 A.2d 217 (1962). For the defendant to admittedly fail to observe the speed of a vehicle approaching upon the lanes of travel he was about to intersect, particularly when such vehicle was only two hundred feet away, was negligent as a matter of law, and so should have been found by the trial court. For the question of negligence is for the court where it is clear that a party has not acted in accordance with a settled rule of diligence. *Miller Chevrolet Co.* v. *Sears,* 118 Vt. 302, 304–05, 108 A.2d 529 (1954).

*Reversed and remanded for a new trial on the issues of comparative negligence and damages.*